**Bonnie West v. Steven E. West**

[428 A.2d 1116]

No. 63-80

Present: **Barney, C.J., Larrow, Billings and Hill, JJ., and Shangraw, C.J. (Ret.), Specially Assigned**

Opinion Filed February 5, 1981

*Spencer R. Knapp* and *Barbara E. Cory* of *Dinse, Allen & Erdmann,* Burlington, for Plaintiff.

*Wool & Murdoch,* Burlington, for Defendant.

**Per Curiam.** Plaintiff-appellant brought a divorce action. The only real issue at trial was custody of the parties' minor child. A notice of decision awarding custody to the defendant was entered on February 1, 1980. On February 8, 1980, a judgment order was filed incorporating the provisions of the notice of decision.

On February 7, 1980, the plaintiff filed a motion, with supporting affidavits, to reopen the hearing for presentation of additional evidence. The court denied the motion to reopen without holding a hearing.

The plaintiff claims this was error and cites *Gardner* v. *Town of Ludlow,* 135 Vt. 87, 369 A.2d 1382 (1977). Although *Gardner* involved dismissal of a V.R.C.P. 59 motion for a new trial, we can find guidance in that opinion. *Gardner* held that a hearing should precede a dismissal "unless the motion is patently frivolous or totally lacking in merit." *Id.* at 92, 369 A.2d at 1385.

The motion in this case stated with particularity the grounds relied upon and was neither "frivolous or totally lacking in merit." We therefore reverse the denial of the motion and remand for the purpose of a hearing on the motion to reopen.

*Reversed and remanded.*