2005 VT 88

SANDGATE SCHOOL DISTRICT v.
Richard H. CATE, Commissioner of
Education and Alan Watts

[883 A.2d 774]

No. 04-286

¶ 1. July 28, 2005. Plaintiff Sandgate School District (Sandgate) appeals a decision from the Bennington Superior Court denying its motion for relief from judgment. The original motion for relief was filed after the superior court granted the opposing party's motion on the pleadings because Sandgate had failed to file a response. We affirm.

¶ 2. The facts of the underlying case are as follows: Defendant Alan Watts and his family resided in the Sandgate School District. Sandgate does not maintain its own schools, but issues tuition payments to families with children to offset costs incurred for schooling outside of the district or in private schools. After Watts and his wife divorced, the children moved from the district with their mother. Watts' residency status within the district became uncertain when he leased the Sandgate home in September 2001, retaining only the garage and a room above the garage that lacked plumbing. Watts sold the home to his lessees in March 2002. Sandgate refused to issue tuition payments to Watts without proof of residency, and Watts appealed to the Department of Education, which ruled in Watts' favor. In September 2003, Sandgate filed suit against Watts and Commissioner of Education Richard Cate, alleging that the Department erred when it found that Watts was a resident eligible for tuition payments.

¶ 3. In the three months after Sandgate filed its complaint, defendant Cate filed two motions to dismiss on procedural grounds. Sandgate responded to each motion in turn, and each was denied by the superior court. In January 2004, the court issued an entry order requiring the parties to file a discovery stipulation regarding deadlines by which the parties would file transcripts and legal briefs relating to the case. Neither party made any filings to comply with the court order. Two days after the court's entry order was issued, defendant Cate filed a motion for judgment on the pleadings.

Sandgate filed no response to defendant's motion.

¶ 4. In April 2004, the superior court issued an entry order granting defendant's motion because of Sandgate's failure to respond. Sandgate then filed a motion for relief from judgment pursuant to Vermont Rule of Civil Procedure 60(b). Sandgate explained that it did not respond to defendant's motion because the court had denied defendant's two previous motions. It believed defendant's motion on the pleadings added no new substantive arguments to those presented in the previous motions and had assumed that the court would deny defendant's motion. The court denied Sandgate's Rule 60(b) motion without a hearing. Sandgate then appealed to this Court.

¶ 5. Sandgate maintains that the superior court abused its discretion when it declined to grant relief from the judgment and erred by not holding a hearing on its Rule 60(b) motion. Sandgate's original motion was made under Rule 60(b) generally; its brief on appeal appears focused on Rule 60(b)(6), but also cites cases that rely on Rule 60(b)(1). As an excuse for its failure to respond to the motion on the pleadings, Sandgate points to its incorrect belief that a response was unnecessary. Sandgate also argues that if the trial court's decision is affirmed, it will be without a venue in which to argue the merits of its case. Additionally, Sandgate invites this Court to decide the substantive legal issues of the original case and clarify an allegedly muddy residence standard under 16 V.S.A. § 1075(a)(3). Because we find that the superior court did not err in denying Sandgate's Rule 60(b) motion, we decline to examine the other issues raised in Sandgate's appeal.

¶ 6. The standard of review for Rule 60(b) motions is well established. The trial court has discretion when ruling on a motion for relief from judgment under Rule 60(b). *Estate of Emilo v. St. Pierre*,

146 Vt. 421, 423, 505 A.2d 664, 665 (1985). Absent a clear and affirmative abuse of discretion, a motion for relief from judgment will not be disturbed on appeal. *Id.* The moving party carries the burden of proving that such an abuse occurred. *Green Mountain Bank v. Magic Mountain Corp.*, 148 Vt. 247, 248, 531 A.2d 604, 605 (1987).

¶ 7. Rule 60(b)(1) provides for relief from judgment for the reasons of mistake, inadvertence, surprise, or excusable neglect. However, Rule 60(b)(1) "does not operate to protect a party from tactical decisions which in retrospect may seem ill advised." *Okemo Mountain, Inc. v. Okemo Trailside Condos., Inc.*, 139 Vt. 433, 436, 431 A.2d 457, 459 (1981). Rule 60(b)(6) provides for relief from judgment for reasons not addressed in the first five subsections of Rule 60(b). *Alexander v. Dupuis*, 140 Vt. 122, 124, 435 A.2d 693, 694 (1981). Relief from judgment under Rule 60(b)(6) is intended to "prevent hardship or injustice and thus [is] to be liberally construed and applied. Nevertheless, clause (6) of the Rule may not be used to relieve a party from free, calculated, and deliberate choices he has made." *Estate of Emilo*, 146 Vt. at 423-24, 505 A.2d at 665-66 (internal quotations and citations omitted).

¶ 8. This Court has held that where a party simply disregards the court's rules, such neglect is inexcusable and there is no error in a trial court's denial of a Rule 60(b) motion. For example, in *Margison v. Spriggs*, 146 Vt. 116, 499 A.2d 756 (1985), the defendant appealed the denial of his Rule 60(b) motion for relief from a summary judgment. In opposing summary judgment, the defendant had filed a memorandum, but no responsive affidavits. In support of his Rule 60(b) motion, the defendant pointed to his counsel's belief that a responsive memorandum would suffice, despite District Court Civil Rule 56(e)'s provision requiring a party to set out specific facts showing that

there is a genuine triable issue. We affirmed the trial court's denial of the Rule 60(b) motion, holding that the defendant's failure to submit the affidavits because he believed a responsive memorandum was sufficient was not excusable neglect. *Id.* at 120, 499 A.2d at 758-59. In words that ring remarkably true to the instant case, we noted that "[a]t best, this was an ill-advised tactical decision, or mistake of law, for which Rule 60(b) does not provide relief." *Id.* at 120, 499 A.2d at 759 (citations omitted); see also *Okemo Mountain, Inc.*, 139 Vt. at 436, 431 A.2d at 459 (affirming trial court's denial of a party's Rule 60(b) motion and holding that the party's failure to introduce evidence at trial because the party believed the strength of their case made the evidence unnecessary was not an excusable mistake or error); *Kotz v. Kotz*, 134 Vt. 36, 41, 349 A.2d 882, 885 (1975) (ruling that a party's failure to file an answer was not due to mistake, inadvertence, or excusable neglect, and that "the fact that the defendant and his then counsel gambled and lost is not ground for granting relief from ... judgment"). While the defendant in *Margison* did file some response, albeit incomplete, in this case Sandgate opted not to file any response under the assumption that the court would dismiss the defendant's motion on the pleadings, as it had the defendant's two previous motions. Sandgate's decision to rest on that assumption is akin to the "tactical decisions" at issue in *Margison, Okemo Mountain, Inc.*, and *Kotz*, and is not the sort of mistake, inadvertence, or excusable neglect contemplated by Rule 60(b).

¶ 9. In support of its argument that relief from judgment should be granted, Sandgate cites *Vahlteich v. Knott*, 139 Vt. 588, 433 A.2d 287 (1981), and *Bingham v. Tenney*, 154 Vt. 96, 573 A.2d 1185 (1990). However, both cases involved pro se litigants, to whom the Court has traditionally given wider leeway in the event of error. Indeed, in both cases we concluded that without Rule 60(b) relief, "unconscionable advantage" would be taken of the pro se litigants. *Vahlteich*, 139 Vt. at 591, 433 A.2d at 288; *Bingham*, 154 Vt. at 100, 573 A.2d at 1187. In contrast, Sandgate is represented by counsel and had filed two prior responses to motions, indicating that Sandgate and its attorneys understood both the mechanics and the necessity of filing a response.

¶ 10. Sandgate also argues that denying the motion for relief from judgment effectively denies Sandgate the opportunity to present its arguments on the merits of the case, and that such a denial was an extreme measure for the superior court to take. Furthermore, Sandgate asserts that the legal implications of the case have significance for other school districts wrestling with residency concerns, and therefore the case has importance beyond the immediate concerns of Sandgate. Sandgate's argument is unconvincing. Sandgate itself missed the opportunity to present the arguments of its case when it failed to file a response to the motion on the pleadings. That the case may be important to other parties does not relieve Sandgate's burden to comply with the court's requirements in a timely manner.

¶ 11. Because Sandgate has not given any convincing reason that it is eligible for relief from judgment due to mistake, inadvertence, or excusable neglect under Rule 60(b)(1) or any other reason under Rule 60(b)(6), we conclude that the superior court did not abuse its discretion when it denied Sandgate's motion for relief from judgment.

¶ 12. Next, Sandgate contends that the superior court erred by not holding a hearing on its Rule 60(b) motion. Sandgate correctly asserts that hearings are preferred for Rule 60(b) motions. *West v. West*, 139 Vt. 334, 335, 428 A.2d 1116, 1117 (1981). Such hearings, however, are at the discretion of the trial court and are

unnecessary where the grounds for the motion are frivolous or totally lacking in merit. *Id.* Moreover, when a court finds that the explanations offered by a party are unreasonable, it is within its discretion to deny the motion without a hearing. *Altman v. Altman,* 169 Vt. 562, 564, 730 A.2d 583, 586 (1999) (mem.).

¶ 13. Sandgate's motion for relief was without merit; it did not state with particularity the grounds for relief under Rule 60(b), nor did it provide a sufficient reason for its failure to file a response. See *Gardner v. Town of Ludlow,* 135 Vt. 87, 92, 369 A.2d 1382, 1385 (1977) (affirming the trial court's denial of Rule 59 motion without a hearing where motion insufficiently demonstrated that party's rights were affected by ruling, was poorly crafted, provided no excuse for the party's lack of diligence, and did not state with particularity the grounds relied upon for relief); *West,* 139 Vt. at 335, 428 A.2d at 1117 (applying *Gardner* to Rule 60(b) motion). Thus, the court did not err when it denied Sandgate's motion without a hearing.

¶ 14. Sandgate has not demonstrated that it is entitled to relief from judgment under Rule 60(b). The dismissal on the pleadings is the direct result of Sandgate's deliberate inaction, and Rule 60(b) does not exist to repair damage that results from a party's strategical errors. We therefore conclude that the superior court properly exercised its discretion when it denied Sandgate's motion for relief from judgment.

*Affirmed.*