*One West Bank, FSB v. Hazlett*, No. 294-8-10 Bncv (Wesley, J., June 24, 2014).
[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT | CIVIL DIVISION |
| Bennington Unit | Docket No. 294-8-10 Bncv |

---

### One West Bank, FSB vs. Hazlett

---

## ENTRY REGARDING MOTION

Count 1, Foreclosure (294-8-10 Bncv)
Count 2, Foreclosure (294-8-10 Bncv)

| | |
|---|---|
| Title: | Motion for Relief from Judgment (Motion 11) |
| Filer: | Michael M Hazlett |
| Attorney: | Pro Se |
| Filed Date: | May 12, 2014 |

Response filed on 05/23/2014 by Attorney Joshua B. Lobe for Plaintiff One West Bank, FSB
        Memo

**The motion is DENIED.**

Plaintiff sued Defendant to foreclose on real property. On August 2, 2012, Plaintiff filed a motion for summary judgment. Defendant did not respond to the motion for summary judgment and the Court granted summary judgment to Plaintiff on September 21, 2012. On January 2, 2013, the Court issued a judgment of decree and foreclosure by judicial sale. Plaintiff sold the property to OWB REO, LLC on February 26, 2014.

On March 10, 2014, Plaintiff filed a motion for confirmation of sale. The Court held a hearing on the motion for confirmation on April 21, 2014. Defendant appeared and argued against confirmation of sale. That same day, the Court issued an entry order giving Defendant twenty days to file a motion for relief from judgment under V.R.C.P. 60(b). On May 12, 2014, Defendant filed a motion for relief from judgment. Defendant argued the Court should reopen the case because he completed a trial payment period, he maintains Defendant told him no further action was needed, and he claims that he can now afford to pay the loan due to an increase in income. Plaintiff opposed the motion on May 23, 2014. Plaintiff argued the motion was untimely and sought to litigate issues Defendant should have raised in opposition to Plaintiff's motion for summary judgment .

It is undisputed that after completing the trial period, Defendant failed to continue making payments. Even if, as he claimed, he failed to receive loan modification documents that had been sent, he never inquired of Plaintiff to address the absence of the expected documents, while at the same time continuing to make the payments to support any modification. After failing to raise the issues he now seeks to assert in connection with Plaintiff's motion for summary judgment, Plaintiff is not entitled to refuge in the procedures for vacating judgments, as further discussed below.

Under V.R.C.P. 60(b) a party may seek relief from judgment. V.R.C.P. 60(b)(1) allows for relief for mistake; V.R.C.P. 60(b)(2) allows for relief for newly discovered evidence, and V.R.C.P. 60(b)(3) allows for relief for fraud. A motion for relief based on these three theories must be filed within one year after the judgment. Under V.R.C.P. 60(b)(6) a party may seek relief from judgment for "any other reason justifying relief from the operation of the judgment." A motion under V.R.C.P. 60(b)(6) must be filed within a reasonable amount of time.

A party may not file a motion under V.R.C.P. 60(b)(6) that falls within one of the other justifications for relief from judgment. *Olde & Co., Inc. v. Boudreau*, 150 Vt. 321, 323 (1988). The Court has discretion in awarding relief under V.R.C.P. 60(b)(6). *Sandgate Sch. Dist. v. Cate*, 2005 VT 88, ¶ 6, 178 Vt. 625. A party may not use V.R.C.P. 60(b)(6) to seek relief when a party ignores the Court's rule or when the party made an ill-advised tactical decision. *Id.* ¶ 7.

In this case, Defendant is not entitled to relief from judgment for several reasons. First, Defendant uses this motion for relief from judgment to argue against Plaintiff's motion for summary judgment from August 2, 2012. By implication, Defendant seeks the Court's permission to argue out of time due to his neglect in failing to submit any opposition to the motion for summary judgment at the time it was before the Court for decision.  Yet, Defendant did not explain why he took a year and a half to raise this issue, and this failure to respond in a timely manner precludes any relief under V.R.C.P. 60(b)(1). Defendant's motion may also layout a claim for fraud under V.R.C.P. 60(b)(3), but a V.R.C.P. 60(b)(3) motion would be untimely. The Court will also not allow Defendant to raise issues properly brought under V.R.C.P. 60(b)(1) or 60(b)(3) under V.R.C.P. 60(b)(6). *See Boudreau*, 150 Vt. at 323.

Defendant's motion is also not proper under V.R.C.P. 60(b)(6). Defendant's motion raises arguments that may have been defenses to Plaintiff's motion for summary judgment. The Court declines to exercise its discretion to allow Defendant to make legal arguments that he should have raised in August of 2012. *See Cate*, 2005 VT 88, ¶ 6. Much like the motion in *Cate*, Defendant either ignored the Court's rules or made an incorrect tactical decision. *See id.* ¶ 7. Moreover, allowing Defendant relief from judgment at this point would contradict the legislative policy favoring finality in foreclosures. *See Citibank, N.A. v. Groshens*, 171 Vt. 639, 640 (2000) (mem.). Therefore, the Court will deny Defendant's motion for relief from judgment.

**Order**

The Court **DENIES** Defendant's motion for Relief from Judgment.  As Defendant's only basis for opposing Plaintiff's motion for confirmation rested with his arguments for vacating the judgment of foreclosure, the denial of that request will result in the approval of Plaintiff's motion to confirm judicial sale.

So ordered.

Electronically signed on June 23, 2014 at 05:29 PM pursuant to V.R.E.F. 7(d).

_____
John P. Wesley
Superior Court Judge

Notifications:
Joshua B. Lobe (ERN 2066), Attorney for Plaintiff One West Bank, FSB
Defendant Michael M Hazlett