*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2013-475

JULY TERM, 2014

| | | |
|---|---|---|
| American Express Centurion Bank | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Chittenden Unit, |
| v. | } | Civil Division |
| | } | |
| | } | |
| Aaron Stine | } | DOCKET NO. 34-1-11 Cncv |

Trial Judge: Dennis R. Pearson

In the above-entitled cause, the Clerk will enter:

Defendant Aaron Stine appeals pro se from the trial court's denial of his motion to vacate a judgment against him in this debt-collection case. Almost all of his arguments on appeal stem from his belief that the trial court's decision should be vacated because plaintiff American Express Centurion Bank's lawyer did not provide the court with a copy of a retainer agreement proving his status as counsel for plaintiff. We affirm.

The record reflects the following. In February 2012, after a bench trial, the trial court awarded judgment against defendant to American Express Centurion Bank for $19,338.72 plus pre-judgment interest, costs, and post-judgment interests. The court found that defendant opened an American Express card in March 2006. He used the card and made payments until May 2010. Plaintiff closed and eventually "charged off" the account, which had a balance due of $19,338.72. The court found that plaintiff met its burden of proving that it extended credit to defendant and that the credit had not been repaid. It entered judgment in plaintiff's favor for $19,338.72 plus interest and costs. Defendant did not appeal from this decision.

In July 2013, defendant moved to vacate the judgment against him. He argued that the judgment was void because: he was unconstitutionally deprived of his right to a jury trial; plaintiff was not the "real party in interest" as required by Vermont Rule of Civil Procedure 17(a); plaintiff's attorney of record did not certify to the court that he was duly licensed to practice in the court, and/or that he was acting solely as plaintiff's attorney and not trying to collect the disputed sums for his own personal benefit; the court "lacked jurisdiction"; and the presiding judge committed "fraud" throughout various proceedings and preliminary rulings in this case.

Following a hearing, the court denied the motion. The court found that defendant did not demand a jury trial as required by V.R.C.P. 38(b), and thus, the right to trial by jury was waived. V.R.C.P. 38(d). The court added that it had long been settled that the procedural requirements for invoking one's right to a jury trial were constitutionally sound. Even assuming that the issue

could be raised now, the court continued, and was not also itself waived by failure to take a direct appeal from the underlying judgment, the contention was without merit and it provided no basis to vacate the judgment under V.R.C.P. 60(b)(4) or V.R.C.P. 60(b)(6).

The court found that the remaining issues, to the extent that they could be gleaned from the filings, all related to evidentiary matters or legal claims that could, and should, have been raised prior to, or at, the court trial in January 2012. Defendant had no "newly discovered evidence" that he could not have presented at trial or within the time allowed to move for a new trial or amendment of the judgment. See V.R.C.P. 60(b)(2). Finally, the court found defendant's claim that the court had committed fraud against itself was "at best bizarre," and defendant failed to explain how this contention found "any traction whatsoever in the record of this case." The court thus denied defendant's motion to vacate the judgment against him. This appeal followed.

Defendant argues on appeal that plaintiff failed to establish that it was a real party in interest with standing pursuant to V.R.C.P. 17(a). According to defendant, to establish that it was the real party in interest, plaintiff's lawyer needed to prove his "bona fide power-of-attorney" and provide a contract authorizing him to represent plaintiff in this matter. Because the lawyer did not do so, defendant asserts that the court lacked subject matter jurisdiction over this case. Defendant suggests that plaintiff's lawyer is bringing a "self-interested and fraudulent claim" by misrepresenting himself as a party with standing. According to defendant, this constitutes a fraud upon the court and it violates various rules and statutes. Finally, defendant suggests that he did not waive his right to jury trial.

We find no error. As relevant here, Rule 60(b) allows the court to relieve a party from a final judgment if the judgment is void, or for "any other reason" justifying relief from judgment. V.R.C.P. 60(b)(4), (6). Defendant did not file his motion within a year of the final judgment and thus, the grounds set forth in V.R.C.P. 60(b)(1)-(3) are not available to him. "The trial court has discretion when ruling on a motion for relief from judgment under Rule 60(b)," and we will not disturb its ruling "[a]bsent a clear and affirmative abuse of discretion." Sandgate Sch. Dist. v. Cate, 2005 VT 88, ¶ 6, 178 Vt. 625. Defendant fails to show an abuse of discretion here.

As the trial court found, defendant could and should have raised his "real party in interest" argument before or during the January 2012 court trial. While relief from judgment under Rule 60(b)(6) is intended to "prevent hardship or injustice and thus [is] to be liberally construed and applied," the rule "may not be used to relieve a party from free, calculated, and deliberate choices he has made." Estate of Emilo v. St. Pierre, 146 Vt. 421, 423-24 (1985) (quotations omitted). Defendant failed to raise this issue at trial, and he cannot raise it now in a Rule 60 motion.

In any event, the argument is wholly without merit. Rule 17(a) requires that "[e]very action shall be prosecuted in the name of the real party in interest." The undisputed real party in interest here—American Express Centurion Bank—prosecuted this action in its own name. Nothing about its pleadings or evidence presented in this case suggests that plaintiff's lawyer purported to be a party in interest, sought any sort of relief for his personal benefit rather than that of his client, or brought suit in his own name, or any other party's name. Plaintiff's lawyer was never a named or unnamed party in this case, and there is no Rule 17(a) issue.

2

To the extent that defendant argues on various grounds that a lawyer is required to provide the court proof of his or her authority to represent a client in a particular case, a duly licensed lawyer's signature on the complaint provides the necessary certification in the first instance. See V.R.C.P. 11(b), 79.1. Absent evidence that counsel was misrepresenting his authority to represent plaintiff, his signature on the complaint was all that was required to establish his authority to represent plaintiff in this case. Defendant's misunderstanding of this practice underlies all but one of his arguments on appeal. Not only do defendant's arguments reflect a misunderstanding of the law, but defendant proffered absolutely no evidence that counsel was not authorized to represent plaintiff, and the testimony of plaintiff's witness at trial reinforces counsel's authority. Even if they had been timely raised, defendant's arguments concerning subject matter jurisdiction, plaintiff's standing, counsel's oath of office and purported fraud upon the court would have had no basis in law.[*]

Finally, as the trial court explained, defendant waived any right to a jury trial by failing to request a jury trial within the timetables set forth in V.R.C.P. 38.

Affirmed.

BY THE COURT:

_____
John A. Dooley, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Beth Robinson, Associate Justice

---

[*] At oral argument, defendant shifted from his claim that counsel was required to prove his attorney-client relationship with the plaintiff to a claim that plaintiff was required to ratify, at the initiation of the case, that it did wish to pursue a claim against defendant, and that it was, in fact, the correct plaintiff. Because this argument was not timely raised below, and is a shift from the argument defendant briefed, we do not need to reach the argument. We note that that the rules do not generally require complaints to be signed by the actual plaintiff or accompanied by an affidavit signed by the plaintiff. Absent evidence that counsel was misrepresenting plaintiff's allegations, counsel's signature on the complaint in this case was sufficient to establish that plaintiff intended to sue defendant, and that it claimed that it was the entity to which defendant owed money. The accuracy of that claim was resolved by a hearing and order on the merits, which defendant has not challenged on appeal.