# STATE OF VERMONT

SUPERIOR COURT
Vermont Unit

ENVIRONMENTAL DIVISION
Docket No. 77-6-14 Vtec

---

| Treetop Development Company Act 250 Application |
|---|

## ENTRY REGARDING MOTION

Title:       Motion for Relief from Judgment (Motion 4)
Filer:       Treetop at Stratton Condo Assn
Attorney:    A. Jay Kenlan
Filed Date:  December 22, 2014

Response in Opposition filed on 01/05/2015 by Attorney Melanie Kehne for Interested Person Natural Resources Board
Response in Opposition filed on 01/05/2015 by Attorney Lisa B. Shelkrot for Appellees Stratton Corp. et al.
Reply filed on 01/23/2015 by Attorney A. Jay Kenlan for Appellant Treetop at Stratton Condo Assn

**The motion is DENIED.**

This matter relates to an Act 250 Permit and Act 250 Permit amendment issued by the District # 2 Environmental Commission (the Commission) to Treetop Development Company, LLC, Treetop Three Development Company, LLC, Intrawest Stratton Development Corporation, and The Stratton Corporation (collectively Stratton). The development, originally permitted in 2002, was not constructed as required by the Permit. Stratton therefore applied for a permit amendment seeking after-the-fact approval for the deviations. Stratton's permit amendment application included a plan to remedy all violations under the initial Permit and for remediation of the project site in order to bring the project into full compliance with Act 250. The Treetop at Stratton Condominium Association, Inc. (Association) participated throughout the Act 250 process, including the application process for this amendment, and voiced its concerns about deficiencies in the development as constructed.

On October 21, 2013 the Commission issued Land Use Permit Amendment 2W1142-D to address the remediation and changes and to bring the project into full compliance (the Permit Amendment). This Permit Amendment was not appealed.

The Permit Amendment included a condition (Condition 14) stating: "The Commission reserves the right to review erosion, the ability of the land to hold water, stormwater management and revegetation issues outlined in these proceedings and to evaluate and impose additional conditions as needed." The Association asked the District Commission to

impose additional conditions on the project. In response to that request the Commission warned and held a public hearing on March 17, 2014 to consider whether to impose additional conditions. When the Commission issued a written memorandum of decision, dated May 16, 2014, declining to do so, the Association appealed that decision to this Court.

By Entry Order dated November 14, 2014, this Court held that the Questions raised by the Association in this appeal were not appropriately before the Court because they were either outside the scope of our de novo review or raised issued that the District Commission, and therefore this Court on appeal, did not have the authority to consider. The Court therefore dismissed the Association's appeal. In re Treetop Dev. Co. Act 250 Application, No. 77-6-14 Vtec, slip op. at 2–3 (Vt. Super. Ct. Envtl. Div. Nov. 14, 2014) (Walsh, J.). The Association now moves for relief from that final judgment pursuant to Rule 60(b) of the Vermont Rules of Civil Procedure.

Rule 60(b) provides that "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding" for a list of specific reasons. V.R.C.P. 60(b). The Association requests relief based on reason (6), a catchall provision which includes "any other reason justifying relief from the operation of the judgment." Id. "Relief from judgment under Rule 60(b)(6) is intended to 'prevent hardship or injustice and thus [is] to be liberally construed and applied. Nevertheless, clause (6) of the Rule may not be used to relieve a party from free, calculated, and deliberate choices he has made.'" Sandgate School Dist. v. Cate, 2005 VT 88, ¶ 7, 178 Vt. 625 (mem.) (quoting Estate of Emilo v. St. Pierre, 146 Vt. 421, 423–24 (1985)). The Association argues that the Court's dismissal of the action "effectively deprives the Association of its statutory and substantive right to rely upon the Act 250 permit process to protect the interests of the Association and the rights and property of the Treetop unit owners." (Mot. for Relief from Judgment at 4, filed Dec. 22, 2014). Thus, the Association argues it is entitled to relief from judgment to prevent hardship and injustice.

As noted in our prevision decision, the Association did not appeal the Permit Amendment and had no right under any statutory provision or under the conditions imposed to privately enforce that Permit Amendment. As the Association notes, it found the Permit Amendment to be "unsatisfactory" and disagreed with the approach approved by the Commission. By failing to appeal the granted Permit Amendment, however, the Association is now bound by that decision. The Association's position that Condition 14 (or any other condition in the Permit Amendment) granted them the right to force the imposition of additional conditions on a final approved Act 250 Permit is mistaken. There is no provision in Act 250, the Act 250 Rules promulgated by the Natural Resources Board, or any case law precedent that allows an interested party to institute enforcement of an Act 250 permit. Condition 14 did not grant the Association any such rights, and therefore, our decision to dismiss the Association's appeal, premised on the Commission's decision under that Condition, does not result in the type of hardship or injustice that might support granting a Rule 60(b)(6) motion.

The issues raised by the Association all relate back to what it alleges to be a fundamental failure of the Permit Amendment to ensure compliance with Act 250. As we

noted in our prior decision, the Commission is statutorily required to make positive findings under all Act 250 Criteria before issuing a permit. 10 V.S.A. § 6086(a). By its plain language the Permit Amendment made these findings. The Association now argues that the Permit Amendment did not actually require Stratton to comply with Act 250 and that Condition 14 was included in order to "provide[] the Association with an opportunity to monitor and report on Stratton Corporation's performance (or non-performance) of the required work, and the success of Stratton Corporation to bring the Treetop project back into compliance with its permits." (Mot. for Relief from Judgment at 4, filed Dec. 22, 2014). This is not what the Permit Amendment did. It would be irrational to read the Commission's decision on the Permit Amendment as granting an Act 250 permit despite insufficient findings of compliance with Act 250, but based on the right of an interested third party to monitor the development work and enforce Act 250 through imposition of additional conditions. No condition in the Permit Amendment mentions the Association or grants it any of the rights it suggests are affected by the Court's dismissal of this matter. If the Association objected to the Permit Amendment its obligation was to appeal the grant of that Permit. The injustice alleged by the Association stems from its free, calculated, and deliberate choice to not take an appeal.

Finally, the Association argues that it was outside the Court's authority to conclude that Condition 14 was unenforceable as the Permit Amendment was not appealed. In our November 14, 2014 decision, the Court concluded that a district commission simply cannot use a permit condition to reserve the authority to reopen a final and binding Act 250 permit *sua sponte* in order to enforce the permit or impose additional conditions. "Conditioning a permit on future approval of future submissions constitutes a condition subsequent prohibited by Act 250." Re: Vermont Agency of Transportation, No. 4C1010-EB, Mem. of Decision, at 3 (Vt. Envtl. Bd. May 5, 1998) (citation omitted). Because Condition 14 is an impermissible condition subsequent it cannot be used to reopen the Commission's proceedings.

This is not to say that the Commission retains no continuing jurisdiction over an Act 250 permit. Under certain situations an amendment application may be properly before a commission, and the commission may impose additional conditions. See Natural Resources Board Act 250 Rule 34, Code of Vt. Rules 12 004 060, available at http://www.lexisnexis.com/hottopics/codeofvtrules (governing applications for Act 250 permit amendments); In re Stowe Club Highlands, 166 Vt. 33, 36–37 (1996) (discussing when a party can seek an Act 250 permit amendment). This jurisdiction of a district commission cannot, however, be expanded through a permit condition.

The Permit Amendment is a final and binding Act 250 Permit. The Association's attempts to have additional conditions imposed or to enforce the provisions of that Permit are not appropriately before the Court in this matter. The Association can petition the Natural Resources Board to bring an enforcement action and can intervene in such an action when brought (as they have done in NRB v. Stratton Corp., Docket No. 106-7-14 Vtec). As the

Association has failed to establish that it is entitled to relief from the Court's Entry Order and Judgment Order dated November 14, 2014, its Motion for Relief from Judgment is **DENIED**.

Electronically signed on March 25, 2015 at 10:00 AM pursuant to V.R.E.F. 7(d).

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division

Notifications:
A. Jay Kenlan (ERN 3775), Attorney for Appellant Treetop at Stratton Condo Assn
Lisa B. Shelkrot (ERN 2441), Attorney for Appellee The Stratton Corporation
Lisa B. Shelkrot (ERN 2441), Attorney for Appellee Intrawest Stratton Developmt Cor
Lisa B. Shelkrot (ERN 2441), Attorney for Appellee Treetop Development Co., LLC
Lisa B. Shelkrot (ERN 2441), Attorney for Appellee Treetop Three Developmt Co, LLC
Elizabeth Lord (ERN 4256), Attorney for Interested Person Agency of Natural Resources
Melanie Kehne (ERN 2561), Attorney for Interested Person Natural Resources Board
Peter Gill (ERN 4158), Attorney for party 10 Co-counsel