*Grover v. Kilawatt Technologies, Inc.*, No. 993-9-14 Cncv (Toor, J., June 11, 2015).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

VERMONT SUPERIOR COURT
CHITTENDEN UNIT
CIVIL DIVISION

| | |
|---|---|
| PAUL E. GROVER<br> Plaintiff<br><br> v.<br><br><br> KILAWATT TECHNOLOGIES INC., et al.,<br> Defendant | Docket No. 993-9-14 Cncv |

RULING ON MOTION TO RECONSIDER

On December 24, 2014, the court granted a motion to amend the complaint to add Gregory Johnson and others as defendants. The 60-day period to serve the new parties thus ran from that date, and expired in February. V.R.C.P. 3. On April 13, Plaintiff filed a motion to extend the time for service upon Mr. Johnson. The court denied the motion as untimely and unsupported by excusable neglect. V.R.C.P. 6(b)(2). Proof of service on Johnson was filed on April 22, showing service on April 10. Plaintiff now moves to reconsider, arguing that it can show excusable neglect. Johnson, specially appearing for this purpose, opposes the motion. He makes no argument that he has been prejudiced by the late service. He is a principal of Kilawatt Technologies, which was timely served in this case, and is represented by the same counsel. The court presumes that he knew of the case when Kilawatt was served, and of the motion to add him as a party.

Discussion

When a motion to enlarge time is made after the deadline has expired, as in this case, the court may in its discretion grant the motion only "where the failure to act was the result of

excusable neglect." V.R.C.P. 6(b). The "excusable neglect standard is a strict one[.]" State v. Felix, 153 Vt. 170, 171 (1989). "Excusable neglect" was defined by the United States Supreme Court in Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380 (1993). Its approach was discussed, although not expressly adopted, by the Vermont Supreme Court in In re Town of Killington, 2003 VT 87A, ¶¶ 16-17, 176 Vt. 60. The Killington court noted:

> In Pioneer, the Court enunciated factors for evaluating a party's claim of excusable neglect under a number of federal rules including Fed. R. App. P. 4. These factors include: "the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Id. at 395, 113 S.Ct. 1489. While this standard ostensibly represents a modest liberalization of the "excusable neglect" concept in the federal rules, several federal circuit courts of appeal have recognized that the post- Pioneer threshold remains high.

Id. ¶ 16. The Court went on to note that "[d]espite the flexibility of the standard and the existence of a four-factor test, the appropriate focus is on the third factor: the reason for delay, including whether it was within the reasonable control of the movant." Id.

Three of the factors here favor Plaintiff, as is true in most cases. Id. (noting that in most cases "the first two Pioneer factors will favor the moving party: delay always will be minimal in actual if not relative terms, and the prejudice to the non-movant will often be negligible . . . Additionally, the absence of good faith in these cases is rarely in issue.")(internal quotations and citations omitted). The late service here was only a matter of several weeks and caused no prejudice to Johnson. There is no bad faith. However, the delay here was completely within the control of the Plaintiff, who chose not to proceed with service. The  question is whether the reasons Plaintiff offers for missing the deadline can meet the legal definition of excusable neglect.

2

Plaintiff asserts that the reason for the delay was two-fold. First, the sheriff was unable to locate Johnson in Vermont, advising that his residence appeared vacant. Scharf Affidavit ¶ 3. Second, Plaintiff understood that Johnson would be filing for bankruptcy. Id. ¶ 4. Counsel states that because of this, "it was my opinion that it did not make sense to file a Motion to Extend Time to serve him because an automatic stay would prevent him from being served. Moreover we did not know his whereabouts, and locating him out of state would be expensive." Id.

On these facts, Johnson could potentially have been served by publication, had a motion to do so been filed. Even if personal service were required, the cost of that service is not a basis for letting the deadline expire and expecting to get approval after the fact for late service. If a bankruptcy was expected and the bankruptcy stay would delay the ability to do service, that would be grounds to move to extend the time for service until the stay expired. However, assuming that a bankruptcy would be filed is not justification for letting the service deadline pass without moving for more time.

In essence, counsel made a tactical choice not to spend the money on service (whether out-of-state or by publication), or on filing a motion to extend time. "[T]actical decisions do not amount to affirmative showings of excusable neglect under Rule 6(b)." African American Voting Rights Legal Defense Fund, Inc. v. Villa, 54 F.3d 1345, 1350  (8th Cir. 1995). Multiple courts agree on this. *See, e.g.*,  Slaughter v. Southern Talc Co., 919 F. 2d 304, 307-08 (5th Cir. 1990)(A "tactical decision" to withhold affidavits was not excusable neglect under Rule 6); Maddox v. Venezio,  Civil Action No. 09–cv–01000–WYD–MEH, 2010 WL 2363555 at * 2 (D. Colo. June 10, 2010) ("In the Tenth Circuit, as in all other reported cases, a tactical decision cannot, as a matter of law, qualify as excusable neglect" under Rule 6);  Liberty Mut. Ins. Co. v. Bankers Trust Co.,  No. 88 Civ. 3421 (RPP), 1993 WL 118520 at * 6 (S.D.N.Y. April 14, 1993) (Party's

"failure to pursue the requested discovery at an earlier time resulted not from 'excusable neglect' but from a deliberate, tactical choice of litigation strategy."); In re Earl Roggenbuck Farms, Inc., 51 B.R. 913, 920  (Bankr. E.D. Mich. 1985) (Implicitly stating that a "conscious, willful failure to disobey the rules for tactical purposes" could never be excusable neglect).

Although the Vermont Supreme Court does not appear to have addressed this precise issue under Rule 6, it has repeatedly reached the same conclusion in interpreting excusable neglect in the context of Rule 60(b). *See, e.g*.,  Sandgate School Dist. V. Cate, 2005 VT 88, ¶ 7, 178 Vt. 625 (excusable neglect prong of Rule 60(b)(1) "does not operate to protect a party from tactical decisions which in retrospect may seem ill advised.")(citation omitted); Margison v. Spriggs, 146 Vt. 116, 120 (1985)("an ill-advised tactical decision" does not constitute excusable neglect under Rule 60(b)). Choices such as the one made here just cannot satisfy the excusable neglect standard.

While such a result may seem harsh, courts must take  "an appropriately hard line when it comes to determining when neglect that stems from factors totally within the control of a party or its attorney is 'excusable.'"  Killington, 2003 VT 87A, ¶ 17. As the Second Circuit has noted:

> We operate in an environment . . .  in which substantial rights may be, and often are, forfeited if they are not asserted within time limits established by law. Judges, of course, make mistakes. We, like the district court, have considerable sympathy for those who, through mistakes—counsel's inadvertence or their own—lose substantial rights in that way. . . . [However,] the legal system would groan under the weight of a regimen of uncertainty in which time limitations were not rigorously enforced—where every missed deadline was the occasion for the embarkation on extensive trial and appellate litigation to determine the equities of enforcing the [time] bar.

Silivanch v. Celebrity Cruises, Inc., 333 F. 3d 355, 367-68 (2d Cir. 2003). Citing Silivanch, the Vermont Supreme Court noted: "This consideration is especially compelling in civil cases with sophisticated parties represented by knowledgeable counsel, such as the case here." LaFrance

4

Architects v. Point Five Development South Burlington, LLC, 2013 VT 115, ¶ 10, 195 Vt. 543.

This court is unable to reach any other conclusion.

Order

The motion to reconsider is denied.

Dated at Burlington this 11th day of June, 2015.

_____<br>Helen M. Toor<br>Superior Court Judge