*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2016-375

MARCH TERM, 2017

| | |
|---|---|
| Lisa Mangini | } APPEALED FROM: |
| | } |
| | } Superior Court, Windsor Unit, |
| v. | } Family Division |
| | } |
| | } |
| Richard Hardie | } DOCKET NO. 67-2-08 Wrdm |
| | |
| | Trial Judge: Katherine A. Hayes |

In the above-entitled cause, the Clerk will enter:

Ex-husband appeals from the superior court's denial of his motion, pursuant to Vermont Rule of Appellate Procedure 60(b)(2), for relief from the court's distribution of marital property in this divorce proceeding due to ex-wife's alleged fraud upon the court.[1] We affirm.

This is the third appeal to this Court in the divorce proceeding, and the fourth arising from the litigation as a whole. The parties married in 2002 and separated in 2007. Wife filed for divorce in 2008. The superior court issued a final divorce judgment in July 2011, awarding husband ninety percent of the marital property and declining to award wife maintenance. Wife appealed, and this Court reversed and remanded the matter for the superior court to reconsider its property and maintenance decisions. See Mangini v. Hardie, No. 2012-362, 2014 WL 3709678 (Vt. April 25, 2014) (unpub. mem.), https://www.vermontjudiciary.org/UPEO2011Present/eo12-362.pdf (Mangini I). In relevant part, we remanded the matter for the superior court: (1) to provide adequate findings to explain its "highly unequal distribution of marital property" in awarding wife only ten percent of the property; and (2) to take into account our decision, issued only a month earlier, "concluding that wife cannot avoid the 2008 mortgage [on the Weathersfield, Vermont, property awarded to her in the final divorce order] based on her claimed homestead exemption." Id. at *2; see Brattleboro Savings & Loan Ass'n v. Hardie, 2014 VT 26, 196 Vt. 144. We noted that the superior court "appear[ed] to have awarded wife the marital home under the assumption—or at least presumed likelihood—that she ultimately would obtain the property free and clear of the 2008 mortgage." Mangini I, 2014 WL 3709678, at *3. Although we reversed the superior court's property and maintenance determinations, we explicitly did "not disturb the family court's decree of divorce," which became final under the July 2011 divorce order. Id.

In September 2013, more than two years after the parties' divorce became final but before Mangini I issued, wife's father died. Following this Court's remand, husband filed an emergency motion stating that wife's father had died, that the father's estate was worth over fifteen million dollars, and that wife should be required to use her inheritance to pay the notes on the Weathersfield property that was awarded to her and in foreclosure. At a June 2014 status conference held the day after the motion was filed, the superior court emphasized to the parties that this Court did not reverse the divorce decree, which became

---

[1] For purposes of simplicity, we will refer to the parties hereinafter as "husband" and "wife."

final in 2011, and that any "inheritance [was] not going to be part of the picture," except "in regard to [wife's] request for spousal support."

A hearing on the remand took place in October 2014. At the hearing, wife's attorney stated that wife had not yet received anything from her father's estate,[2] and wife testified that at the time of the 2011 divorce hearing she had not received any inheritance. The superior court reiterated at the hearing that any inheritance would potentially affect only a determination of spousal support. During the hearing, husband, who was proceeding pro se at that time, asked for a continuance to obtain an attorney. The court granted the request, and in January 2015 husband obtained counsel, who served interrogatories on wife, asking wife, among other things, to list all distributions from her father's estate that she had received since 2011. On March 12, 2015, the parties stipulated that the superior court could issue a decision without taking further evidence and that the parties would submit written memoranda by March 20, 2015, and responses by March 27, 2015. On March 20, husband filed a memorandum in which he stated that the parties had agreed not to seek attorney's fees from each other on remand and that he would forgo any additional discovery.

After receiving the parties' memoranda, the superior court issued a decision in May 2015. Based on its examination of the statutory factors contained in 15 V.S.A. § 751(b), the court awarded wife twenty percent of the marital estate, which constituted the net value of the Weathersfield property, together with $60,000 in liquidated assets. The court also ordered husband to be responsible for any deficiency in the event of a foreclosure sale of the Weathersfield property. The court stated that it would credit husband's claim that his retirement accounts were completely depleted by March 2011, but would award wife any remaining assets in the accounts as of the time of the final judgment, as well as any assets previously in the accounts but not yet spent on the date of the court's 2011 ruling, because husband "should bear the cost of any failure to elucidate his assets." The court declined to award wife any maintenance.

Husband appealed, arguing in relevant part that the superior court erred in: (1) awarding wife twenty percent of the marital property even though it found that only one of the statutory factors favored wife; (2) ordering him to pay any deficiency judgment resulting from a foreclosure sale of the Weathersfield property, which he stated turned out to be approximately $169,000; and (3) awarding wife whatever assets remained in his retirement accounts. In affirming the superior court's decision, we found a reasonable basis for awarding wife twenty percent of the marital estate. Mangini v. Hardie, No. 2015-255, 2016 WL 182392, at *4 (Vt. Jan. 7, 2016) (unpub. mem.), https://www.vermontjudiciary.org/UPEO2011Present/eo15-255.pdf (Mangini II). We also determined, notwithstanding husband's claims that the court's orders concerning the deficiency judgment and retirement accounts effectively increased wife's share of the marital estate beyond twenty percent, that the court acted within its discretion in: (1) requiring husband to pay the alleged $169,000 deficiency judgment based on its reasoning that he should bear a portion of the burden he unilaterally created by defaulting on the house payments; and (2) awarding wife what husband claimed was $172,000 from his retirement accounts based on its reasoning that he had represented that the accounts were depleted and was in the best position to provide evidence of those assets. Id.

Four months after this Court issued its affirmance of the May 2015 remand order, husband filed a Rule 60(b) motion seeking relief from the remand order based on his allegation that wife had committed fraud upon the court by claiming during the proceedings on remand that she had received no inheritance distributions when in fact she had. The superior court denied the motion without holding a hearing, ruling that relitigation of the issue concerning wife's alleged deception as to her inheritance is barred by the law-of-the-case doctrine because husband raised the issue in his direct appeal of the remand order and this

_____

[2] In this appeal, husband alleges that wife received partial inheritance distributions of $25,000 on April 29, 2014, and $354,800 on June 19, 2014.

2

Court declined to credit it. The court also ruled, alternatively, that: (1) wife was entitled to assert that her inheritance should not be considered, given that this Court did not disturb the 2011 date of the divorce decree; (2) in the remand proceedings, the superior court stated that any inheritance would be considered only with respect to spousal support, and then declined to award wife maintenance; and (3) husband failed to offer evidence of wife's inheritance distributions within a reasonable time.

On appeal, husband argues that he is entitled to relief from the superior court's property distribution on remand, given wife's misrepresentations during the remand proceedings concerning her inheritance distributions, which were not proved to be demonstrably false until New Jersey probate records regarding the case were made public in January 2016. Husband acknowledges that wife's inheritance distributions were not marital assets subject to distribution, but contends that they were relevant to the property division pursuant to 15 V.S.A. § 751(b)(6), which lists as one of the factors for the court to consider in distributing marital property "[t]he value of all property interests, liabilities, and needs of each party."

We find no merit to husband's arguments. As this Court stated in Mangini I, the parties' divorce became final in July 2011. Wife's father did not die until more than two years after the divorce became final. The superior court unequivocally stated to the parties during the remand proceedings that any inheritance would be considered only with respect to wife's request for maintenance, which the court ultimately denied. The court was correct in taking this approach. The parties' property interests, liabilities, and needs could have been considered by the superior court in dividing marital property, but only as they existed at the time of the divorce. Cf. Osborn v. Osborn, 147 Vt. 432, 433-34 (1986) (holding that where husband "was a legatee of his mother's estate, which was in probate but had yet to be distributed at the time of the divorce proceeding," family court could "consider an undistributed inheritance among the total economic circumstances of both parties under 15 V.S.A. § 751"). Our limited remand in Mangini I did not suggest that the court could examine the parties' then-current assets in reconsidering its distribution of marital property, which unlike maintenance is not subject to modification following the divorce. For these reasons, this Court in Mangini II did not credit defendant's claim that wife had received inheritance distributions, albeit years after the parties' divorce was finalized. Given the circumstances of this case, the superior court did not err in denying husband's Rule 60(b) motion without holding a hearing. See Sandgate Sch. Distr. v. Cate, 2005 VT 88, ¶¶ 6, 12, 178 Vt. 625 (stating that decision on motion for relief from judgment will not be disturbed absent "a clear and affirmative abuse of discretion" and that court has the "discretion to deny the motion without a hearing" when "the explanations offered by a party are unreasonable").

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Harold E. Eaton, Jr., Associate Justice

3