VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT  05401
802-951-1740
www.vermontjudiciary.org

Docket No.  21-ENV-00099



| City of Newport v Winston O. Jennison & Winston Jennison Investments, LLC |
| --- |

## ENTRY REGARDING MOTIONS

**Motion 1**

Title:          Motion to Dismiss

Filer:          William F. Grigas, Esq.

Filed Date:     January 4, 2022

Response in opposition filed by Beriah C. Smith, Esq. & Joseph S. McClain, Esq. on January 18, 2022

**Motion 2**

Title:          Motion to Dismiss Counterclaim

Filer:          Joseph S. McClain, Esq. & Beriah C. Smith, Esq.

Filed Date:     November 5, 2021

The City of Newport (City) has filed this action to enforce its zoning bylaws against Winston Jennison and Winston Jennison Investments, LLC (Respondents).  The City alleges that Winston Jennison Investments, LLC, a manager-managed limited liability company of which Mr. Jennison is the manager and agent, owns real property located at 236 Pleasant Street in Newport (the Property).  After a fire damaged a building at the Property in September 2020, the City alleges, it became abandoned or destroyed and Respondents failed to subsequently remove all building materials from the site, cover up excavations, and/or fence off the parcel, as required by the Bylaws.  The City issued a notice of violation (NOV) to Respondents in June 2021, informing them of the violation and detailing the corrective actions required.  That NOV was not appealed, and the City alleges Respondents have not brought the property into compliance.  The City subsequently filed this action seeking injunctive relief and monetary penalties pursuant to 24 V.S.A. §§ 4451 and 4452.

Presently before the Court are two motions.  First, we address Respondents' motion to dismiss this action for failure to state a claim upon which relief can be granted.  Subsequently, we address the City's motion to dismiss Respondents' counterclaim for a lack of subject matter jurisdiction.

**Respondents' Motion to Dismiss**

In reviewing a motion to dismiss under V.R.C.P. 12(b)(6), we accept all well-pled factual allegations in the complaint as true and consider whether "it appears beyond doubt that there exist no facts or circumstances that would entitle the plaintiff to relief." Colby v Umbrella, 2008 VT 20, ¶ 5, 184 Vt. 1 (quoting Alger v. Dep't of Labor & Indus., 2006 VT 115, ¶ 12, 181 Vt. 309). We grant the non-moving party the benefit of all reasonable inferences from the pleadings and assume that the movant's contravening assertions are false. Alger, 2006 VT 115, ¶ 12, 181 Vt. 309. Moreover, motions to dismiss are "disfavored and are rarely granted." Colby, 2008 VT 20, ¶ 5.

If, in the course of deciding a motion to dismiss under 12(b)(6), matters outside the pleadings are presented to and not excluded by the court, the motion is converted to one for summary judgment. *See* V.R.C.P. 12(b).

Respondents' motion does present matters outside the pleadings, namely the deed that Respondents allege was defective in conveying title to the Property to Winston Jennison Investments, LLC. We have excluded that deed and the City's responsive arguments from our consideration, however, and so this remains a motion under 12(b)(6). We have done so because, as explained in greater detail below, even assuming Respondents are correct and the LLC does not own the property, Respondents have not demonstrated the absence of a claim upon which relief may be granted.

Respondents' sole argument in their motion to dismiss is that Winston Jennison Investments, LLC is not the actual owner of the Property. Respondents claim that the deed which allegedly conveyed the Property to the LLC was defective, and that ownership did not transfer to the LLC as a result. Therefore, they argue, the City's complaint must be dismissed, since it is directed to the wrong parties.

We start from the standard quoted above. Our job in evaluating a motion to dismiss under 12(b)(6) is to determine whether plaintiff has alleged a set of facts upon which relief could be granted, and not to determine the truth of those allegations. Looking at the complaint as a whole, the City has met this standard, as they have alleged a plausible basis for relief. On the specific issue of property ownership, the City met its initial pleading burden when it alleged that Winston Jennison Investments, LLC owned the real property at issue in their complaint. Respondents' contravening assertions in their motion to dismiss are assumed to be false for the purposes of deciding that motion. Alger, 2006 VT 115, ¶ 12. We therefore **DENY** Respondents' motion to dismiss.

It is worth noting, moreover, that in both their answer and amended answer Respondents agreed with the City's factual allegations that the LLC owned the Property and that Jennison was the LLC's managing member. We note that Respondents were unrepresented at the time, and we are careful to ensure unrepresented litigants are not placed at an unfair disadvantage. *See* Sandgate Sch. Dist. V. Cate, 2005 VT 88, ¶ 9, 178 Vt. 625. Yet the complaint used clear language and could not reasonably have been the subject of confusion on this point.

The City also raises a jurisdictional defense to this motion, arguing that property ownership is outside our jurisdiction. It is true that we are a court of limited jurisdiction and do

not have the authority to settle title or boundary disputes.  In re Woodstock Cmty. Trust & Hous. Vt. PRD, 2012 VT 87, ¶ 40, 192 Vt. 474 ("[T]he Environmental Division does not have jurisdiction to determine private property rights.").  Establishing a prima facie interest of the respondent in the property at issue is, however, an important component of a municipality's burden in an enforcement action, just as establishing prima facie ownership or control is important for a zoning permit applicant.  See In re Leiter Subdivision Permit, No. 85-4-07 Vtec, slip op. at 4–5 (Vt. Envtl. Ct. Jan. 2, 2008) (Durkin, J.) (noting that an applicant for a zoning permit has a burden to establish a prima facie interest in and right to develop the property for which they seek a permit, but that our Court does not have jurisdiction to resolve ultimate questions of property ownership or boundaries).  Again, the City met that prima facie burden through their complaint.  We need go no further for purposes of deciding this motion.

Moreover, even were we to credit Respondents' disclaimer of ownership, that would not entitle them to dismissal of the case.  As we have discussed at length elsewhere, the relevant statute is clear that enforcement must be directed against the "alleged offender," and an individual or corporation need not be the record title holder to be the alleged offender.  Town of Sharon v. Radicioni, No. 56-6-18 Vtec, slip op. at 2 (Vt. Super. Ct. Envtl. Div. Oct. 18, 2016) (Durkin, J.) ("24 V.S.A. § 4451(a) does not require notice to be given to the owner of a property where an alleged zoning violation occurred.  Instead, the statute references the alleged offender . . .  In the context of a violation of a zoning ordinance, an offender is the person implicated in the commission of the violation.  Therefore, the term 'alleged offender' is not limited to the property owner.").  In this case, the alleged offender is presumably whomever was responsible for managing the property over the time period in question, such that they could have effectuated the necessary site work following destruction or abandonment of a structure.  Respondents have not denied that they were responsible for taking care of the Property over the relevant period in question, and that they therefore were responsible for the violations here.

In light of our holdings above, we need not address the City's other arguments to deny the motion.  Respondents' motion to dismiss is **DENIED**.

We do note that the City has requested costs and attorney's fees for responding to this motion, which it claims was frivolously filed.  As our Supreme Court has stated on numerous occasions, "Vermont follows the 'American Rule,' under which each party bears the cost of its own attorney's fees absent a statutory or contractual provision authorizing an award of attorney's fees."  Town of Milton Bd. of Health v. Brisson, 2016 VT 56, ¶ 29, 202 Vt. 121.  We have not been made aware of any such statutory or contractual provision here.  While the Court has recognized an "equitable exception" to this rule, it has also cautioned such a sanction is "appropriate 'only in exceptional cases and for dominating reasons of justice.'"  Id. at ¶ 30 (quoting In re Gadhue, 149 Vt. 322, 328-30 (1987)).  Respondents' motion does not rise to the level of such an exceptional case, and the City's request for attorneys' fees and costs is therefore **DENIED.**

**City's Motion to Dismiss Counterclaim**

In their original answer, Respondents wrote in the margin next to paragraph 6 of the complaint, "Counterclaim: I am asking the City to reappraise to just the lot. City did not reappraise property after fire, kept charging taxes as if building still there." The Rules of Civil Procedure permit counterclaims, but only if they lie "within the subject-matter jurisdiction of the court." V.R.C.P. 13(b).

The City has objected to the format and substance of the original and amended answers, including raising the point that neither was signed by Mr. Jennison, acting on behalf of himself and the LLC. *See* V.R.C.P. 11(a) (requiring all pleadings to be signed by an attorney representing a party, or if the party is self-represented, by itself). In case the answer and counterclaim are accepted as legitimately filed, however, the City has also filed a motion to dismiss this counterclaim as lying outside of this Court's subject matter jurisdiction. We agreed at a status conference to postpone addressing objections to the format and substance of the answer until after we treated the motion to dismiss. We need not defer consideration of the counterclaim, however, assuming for the sake of argument that it was legitimately filed.

In a motion to dismiss for lack of subject matter jurisdiction under 12(b)(1), we accept all uncontroverted factual allegations as true and construe them in the light most favorable to the nonmoving party. Rheaume v. Pallito, 2011 VT 72, ¶ 2, 190 Vt. 245. For this motion, Respondents are the nonmoving parties.

The Environmental Division is a court of limited jurisdiction and "we must be diligent in refusing to address matters not within our jurisdiction." Lonie Parker DBA Porky's Bkyd BBQ SP & NOV, No. 6-1-20 Vtec, slip op. at 12 n.7 (Vt. Super. Ct. Envtl. Div. Nov. 17, 2020) (Walsh, J.). 4 V.S.A. § 34 sets the bounds of that jurisdiction, which includes municipal land use and certain state agency enforcement actions, appeals from municipal and agency permitting, and original jurisdiction to revoke permits. Appeals from appraisals for the purposes of property tax assessments lie far outside those limited areas of jurisdiction; accordingly, even construing the allegations in the light most favorable to Respondents, we lack jurisdiction to hear their counterclaim. We therefore **GRANT** the City's motion to dismiss that counterclaim.


Electronically Signed: 3/10/2022 1:23 PM pursuant to V.R.E.F. 9(d).

Thomas G. Walsh, Judge
Superior Court, Environmental Division