**VERMONT SUPREME COURT**
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.      25-AP-070

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

NOVEMBER TERM,   2025

Katie Orost v. Jay Orost\*

}   APPEALED FROM:
}   Superior Court, Lamoille Unit,
}   Family Division
}   CASE NO. 147-10-17 Ledm
Trial Judge: Robert R. Bent

In the above-entitled cause, the Clerk will enter:

Defendant appeals pro se from a trial court order addressing numerous post-divorce motions. We affirm.

A final divorce order issued in this case in September 2023. Defendant moved for reconsideration or a new trial under Vermont Rule of Civil Procedure 59, which the trial court denied following a hearing. The divorce order was affirmed on appeal. See Orost v. Orost, No. 24-AP-010, 2024 WL 3461205 (Vt. July 12, 2024) (unpub. mem.), https://www. vermontjudiciary.org/sites/default/files/documents/eo24-010.pdf. This Court rejected defendant's various challenges to the order, including his assertion that the property division was unfair and that the trial court erred in evaluating witness credibility and the weight of the evidence.

Following this decision, defendant continued to file numerous motions in the trial court, including, in October 2024, a second motion for a new trial. Plaintiff also filed motions, including a request for relief from abusive litigation under 15 V.S.A. § 1181. The court addressed all pending motions in a February 2025 entry order. It denied defendant's motion for a new trial as untimely. See V.R.C.P. 59(b) ("A motion for a new trial shall be filed not later than 28 days after the entry of the judgment."). Construing the motion alternatively as a motion to set aside the judgment under Vermont Rule of Civil Procedure 60(b), the court found defendant's contentions untimely to the extent they fell within Rule 60(b)(1)-(3), previously litigated, or inadequate to meet the threshold required for Rule 60's catchall provision. It explained in detail the basis for these conclusions. It added that all the contentions that

defendant raised in his motion were available at the time of his initial Rule 59 motion and in his appeal to this Court from the final divorce order, and defendant offered no explanation as to why the arguments were not raised previously. In the same order, the court granted plaintiff's request for relief from abusive litigation under 15 V.S.A. § 1181. It found that defendant continually attempted to relitigate, reopen, or reconsider virtually all of the family court, criminal court, and Supreme Court rulings, without success. He failed to present new facts or cognizable legal arguments; he continued to make the same allegations and initiate litigation covering issues that were the same or similar to those raised in the instant proceeding. The court consequently restricted defendant from filing, initiating, advancing, or continuing property-related litigation against plaintiff in this case unless certain requirements were met. This appeal followed.

In his brief, defendant again challenges the distribution of marital property in the final divorce order and makes various allegations about the evidence and the credibility of witnesses in the divorce proceeding.[*]

We construe this as a challenge to the court's denial of his motion to set aside the final divorce order. Under Rule 60(b), the court may relieve a party from a final judgment order based on certain enumerated reasons, including, as a catchall, "any other reason justifying relief from the operation of the judgment." V.R.C.P. 60(b)(6). Motions seeking relief must be "filed within a reasonable time," and, if based on the reasons set forth in Rule 60(b)(1)-(3), within one year of the judgment. "The trial court has discretion when ruling on a motion for relief from judgment under Rule 60(b)." Sandgate Sch. Dist. v. Cate, 2005 VT 88, ¶ 6, 178 Vt. 625. Its decision will stand unless the moving party demonstrates "a clear and affirmative abuse of discretion." Id.

Defendant fails to make the necessary showing here. Defendant's challenges to the final divorce order were rejected on appeal. The trial court considered and rejected the arguments in defendant's post-judgment motion and provided a reasoned basis for its decision. Although defendant continues to disagree with the result of the divorce proceeding, he fails to show that the court abused its discretion in denying his motion to set aside the judgment. See, e.g., Meyncke v. Meyncke, 2009 VT 84, ¶ 15, 186 Vt. 571 (mem.) (explaining that arguments which amount to nothing more than disagreement with court's reasoning and conclusion do not make out case for abuse of discretion). Defendant similarly fails to show that the court erred in granting plaintiff's request for relief from abusive litigation, expressing only his disagreement with the court's reasoning. See id. We have considered all the arguments discernable in

_____

[*] Defendant largely reiterates these arguments in the materials he filed as an "attachment" to his brief. Defendant appears to suggest in the attachment that his second Rule 59 motion should have been considered timely. We reject that argument. See V.R.C.P. 59(b) ("A motion for a new trial shall be filed not later than 28 days after the entry of the judgment."). To the extent defendant raises new arguments in his reply brief, including new challenges to the order against abusive litigation, we do not address these arguments. See, e.g., Gallipo v. City of Rutland, 2005 VT 83, ¶ 52, 178 Vt. 244 (stating that issues not raised in original brief may not be raised for first time in reply brief). Even if we were to address them, however, we would reject them as the court's findings and the record support its decision.

defendant's brief and attachment and consider them without merit.  There is no basis to disturb the court's February 2025 entry order.

     <u>Affirmed</u>.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice


_____
Harold E. Eaton, Jr., Associate Justice


_____
William D. Cohen, Associate Justice
