2007 VT 140

**Lauren McCLEERY and James McCleery v. WALLY'S WORLD, INC., Walter Radicioni, Jr., Two Radicioni Brothers, Walter Radicioni and Elizabeth Radicioni**

[945 A.2d 841]

No. 06-491

*Cohen, J.*

¶ 1. December 31, 2007. Defendants appeal from the trial court's order granting plaintiffs' request for relief from judgment under Vermont Rule of Civil Procedure 60(b). We reverse the court's decision.

¶ 2. The record indicates the following. In February 2004, plaintiffs filed a pro se complaint against defendants, raising claims of negligence and loss of consortium. The claims were based on injuries allegedly sustained by Mrs. McCleery in February 2001 when she slipped and fell on ice in defendants' parking lot. The parties, represented by counsel, mediated their dispute and reached an oral settlement agreement in November 2004. They agreed that defendants would pay plaintiffs $14,000 and, in exchange, plaintiffs would execute general release forms. Plaintiffs subsequently refused to sign the release forms, and in January 2005, defendants moved to enforce the settlement agreement. At the enforcement hearing, plaintiffs, who were then proceeding pro se, argued that they had agreed to the settlement offer on the condition that defendants pay them within ten days of the mediation session. They asserted that they did not sign the release forms because this condition was not met and because they now believed that the settlement offer was inadequate.

Plaintiffs indicated that they wanted to try the case and "take their chances" in court.

¶ 3. The court rejected these arguments in a March 2005 order. It found no support whatsoever for plaintiffs' assertion that the parties had agreed that payment would be made within ten days, and it found no grounds to invalidate the agreement. As the court explained, the evidence showed that plaintiffs had engaged in mediation while represented by experienced counsel; they had the opportunity to discuss the merits of their case; their positions were conveyed by the mediator to defendants; they made compromises in order to settle all matters between them; and they freely agreed to the essential terms of the settlement. The court therefore granted defendants' motion to enforce.

¶ 4. In April 2005, Mr. McCleery filed a motion for reconsideration, alleging that his wife had been "functioning in a diminished capacity" during the mediation process, which had given defendants "an unconscionable advantage." The court denied the motion, concluding that Mr. McCleery failed to identify any errors of fact or law based on evidence presented at the hearing. It noted that both plaintiffs had been given the opportunity at the enforcement hearing to raise any arguments as to why the agreement should not be enforced, and Mr. McCleery was raising his wife's alleged incapacity for the first time. Plaintiffs then filed a second motion for reconsideration, in which Mr. McCleery asserted that he had learned only recently that his wife had been functioning in a diminished capacity during the mediation session, and that if he had been aware of her condition, he would not have been so passive in accepting the settlement offer. The court denied the motion in June 2005.

¶ 5. In August 2005, defendants moved to dismiss the action, explaining that plaintiffs continued to refuse to comply

with the settlement agreement and the court's order enforcing that agreement. Defendants argued that they had done all that they reasonably could under the circumstances to resolve the case, and in light of plaintiffs' actions, the only remaining recourse was to dismiss the action with prejudice under V.R.C.P. 41(b)(2). In late September 2005, the court issued an order dismissing the action "without prejudice" based on defendants' motion to dismiss.

¶ 6. In October 2005, Mr. McCleery filed a motion to reconsider, reiterating many of the same arguments raised in his earlier motions. While this motion was pending, Mr. McCleery also filed a notice of appeal, as well as a second motion to reconsider. The trial court did not rule on the motions to reconsider in light of the notice of appeal. On December 13, 2005, Mr. McCleery's appeal was dismissed due to his failure to comply with an order of this Court.

¶ 7. Shortly thereafter, on December 23, 2005, plaintiffs filed a motion to reopen in the trial court. Plaintiffs explained that they had contacted defendants' attorney on December 16, and informed him that they were now willing to abide by the mediation agreement, and they would sign the release forms in exchange for $14,000. Defendants' attorney refused to provide them with a check, noting plaintiffs' repeated refusal to abide by the terms of the agreement and the subsequent dismissal of their case. Defendants' attorney indicated that due to plaintiffs' behavior, defendants had not received the benefit of their bargain, and it was defendants' position that plaintiffs breached the agreement and defendants were no longer bound by it. In light of this exchange, plaintiffs asked the trial court to reopen the case and set the matter for trial. In February 2006, Mr. McCleery filed another motion to reconsider the dismissal order, enclosing a letter from his doctor who indicated that Mr.

McCleery had been taking medication that could have impaired his ability to participate fully in court proceedings. Several weeks later, plaintiffs filed a motion to enforce the settlement agreement. They reiterated their belief that defendants had breached the agreement by failing to tender payment within ten days of the mediation session, and they stated that defendants had also breached the agreement by refusing to pay them the agreed-upon sum.

¶ 8. In an April 2006 entry order, the trial court granted plaintiffs' motion to reopen under V.R.C.P. 60(b). Although it found plaintiffs' motion unclear, it concluded that the case should be reopened to determine the precise effect of the September 2005 dismissal order. The court explained that in moving to dismiss, defendants had not argued that plaintiffs breached the settlement agreement or that they would no longer be bound by the agreement if the case were dismissed, and the dismissal order did not contain any language to this effect. Refusing to reopen the case, the court reasoned, would unfairly allow defendants to impose their interpretation of the dismissal order on plaintiffs, even though the effects that defendants sought had not been specifically stated in the order. The court thus reinstated the case at its status prior to the dismissal, subject to any arguments that defendants might have that they were deprived of the benefit of their bargain. This interlocutory appeal followed.

¶ 9. As an initial matter, we reject defendants' assertion that the trial court lacked jurisdiction to consider plaintiffs' post-appeal Rule 60(b) motion. Plaintiffs filed their motion to reopen after Mr. McCleery's appeal was dismissed, and it is well-settled that trial courts have jurisdiction to consider such motions without first seeking leave from appellate courts. See 12 J. Moore, et al., Moore's Federal Practice § 60.61, at 60-215 (3d ed. 2007) (discussing identical federal rule and ex-

plaining that Rule 60(b) motions are considered a continuation of original proceedings, and if trial court had jurisdiction when suit was filed, it has jurisdiction to entertain a Rule 60(b) motion); *Standard Oil Co. of Cal. v. United States*, 429 U.S. 17, 18-19 (1976) (trial court has authority to consider post-appeal motions to set aside judgment without first obtaining leave from appellate court); 11 C. Wright, et al., Federal Practice & Procedure § 2873 (2d ed. 1995) (explaining that *Standard Oil* decision resolved question of trial court's power to dispose of Rule 60(b) motion after appellate court has finished with case); cf. *Kotz v. Kotz*, 134 Vt. 36, 38, 349 A.2d 882, 884 (1975) (trial court lacks authority to consider motions for relief from final judgment while an appeal of that same judgment is *pending* in this Court). As the United States Supreme Court has explained, the original trial court judgment, like the appellate mandate, "relates to the record and issues then before the court, and does not purport to deal with possible later events." *Standard Oil*, 429 U.S. at 18. Thus, by acting on a post-appeal Rule 60(b) motion, the trial court "is not flouting the mandate" of the appellate court. *Id*. Of course, a Rule 60(b) motion can be denied as barred by the doctrine of the "law of the case" if it attempts "to argue over exactly what was finally determined in an appeal." 12 J. Moore, et al., Moore's Federal Practice § 60.67[3], at 60-236. But there is no question that the trial court has the authority to consider such motions and grant them if appropriate.

¶ 10. Nonetheless, we conclude that the trial court erred in granting plaintiffs' motion here because plaintiffs failed to demonstrate that they were entitled to relief under Rule 60(b). See *Kotz*, 134 Vt. at 40, 349 A.2d at 885 (Supreme Court reviews ruling on Rule 60(b) motion for abuse of discretion, and trial court's decision will not be disturbed unless it "clearly and affirmatively appears" that court abused or withheld its discretion).

While the court did not specify which portion of the rule it applied, it appears to have granted relief pursuant to Rule 60(b)(6). That rule allows the trial court to relieve a party from a final judgment, upon such terms as are just, for any reason other than those set forth in the other sections of the rule, as long as the request for relief is made within a reasonable time. V.R.C.P. 60(b)(6). Despite this broad language, and the liberal interpretation given to the rule to prevent hardship or injustice, "interests of finality necessarily limit when relief is available." *Riehle v. Tudhope*, 171 Vt. 626, 627, 765 A.2d 885, 887 (2000) (mem.). The rule "may not substitute for a timely appeal or provide relief from an ill-advised tactical decision or from some other free, calculated, and deliberate choice of action." *Id*. Rather, it "is intended to accomplish justice in extraordinary situations that warrant the reopening of final judgments after a substantial period of time." *Id*.

¶ 11. No such extraordinary circumstances were demonstrated here. As recounted above, plaintiffs' case was dismissed in September 2005 due to their repeated and ongoing refusal to abide by the terms of the November 2004 settlement agreement as well as the court's March 2005 order enforcing that agreement. See V.R.C.P. 41(b)(2) (trial court may dismiss action due to plaintiff's failure "to prosecute or to comply with [the Vermont Rules of Civil Procedure] or any order of court"). Although Mr. McCleery filed a notice of appeal, his appeal was dismissed after he failed to comply with an order of this Court. Now, after repeatedly refusing to abide by the settlement agreement, and failing to challenge the merits of the dismissal order in a direct appeal, plaintiffs argue that they are entitled to have their case reopened and their settlement agreement enforced.

¶ 12. We cannot agree. In this case, plaintiffs are wholly responsible for their own predicament. See 12 J. Moore, et al.,

Moore's Federal Practice § 60.48[3][b], at 60-188 (explaining that in vast majority of cases finding that extraordinary circumstances exist so as to justify relief under Rule 60(b)(6), "the movant is completely without fault for his or her predicament; that is, the movant was almost unable to have taken any steps that would have resulted in preventing the judgment from which relief is sought"); *id.* § 60.48[3][c], at 60-192 (stating that a party who violates court rules or orders is not entitled to relief from the resulting judgment) (citing *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 681 (11th Cir. 1984) (upholding trial court's denial of relief under Rule 60(b) where case was "replete with inexcusable delay and numerous unjustified violations of the court's orders")). Contrary to the trial court's decision, this case is not about defendants trying to unfairly force their interpretation of the dismissal order on plaintiffs; rather, it is about plaintiffs trying to escape from the consequences of their own actions.

¶ 13. Plaintiffs had innumerable opportunities during the pendency of this litigation to comply with the settlement agreement and collect the agreed-upon sum. Their refusal to do so resulted in the dismissal of their case. Surely, plaintiffs could not reasonably believe that under these circumstances the settlement agreement survived the dismissal of the underlying action, leaving it enforceable at plaintiffs' election. See also 8 J. Moore, et al., Moore's Federal Practice § 41.50[7][b], at 41-198 (3d ed. 2007) ("When the district court elects to dismiss an action without prejudice under Rule 41(b), the dismissal leaves the parties in the same legal position as if no suit had been filed."). Even if plaintiffs were somehow confused about the effects of the order or believed that their case had been improperly dismissed, whether because of Mr. McCleery's alleged medical incapacity or some other reason, they could have raised these issues on direct appeal.

They failed to do so. See 12 J. Moore, *supra,* § 60.65[1], at 60-222 ("Issues that could and should have been fully settled at trial or on appeal may not be raised for the first time on a Rule 60(b) motion."). Plaintiffs' apparent change of heart comes far too late to revive their action. As the United States Supreme Court explained, "[t]here must be an end to litigation someday, and free, calculated, deliberate choices are not to be relieved from." *Ackermann v. United States*, 340 U.S. 193, 198 (1950). There are no extraordinary circumstances in this case that warrant relief from final judgment, and plaintiffs' Rule 60(b) motion must therefore be denied.

*Reversed.*