**State of Vermont**
**Superior Court—Environmental Division**

===========================================================================

**E N T R Y   R E G A R D I N G   M O T I O N**

===========================================================================

**In re Wood NOV and Permit Applications**                    **Docket No. 138-8-10 Vtec**
**(Appeal from Town of Hartford Zoning Board of Adjustment decision)**

Title: Motion to Alter/Reconsider and Motion Pursuant to V.R.C.P. 60(b)(6) (Filings No. 7 and 8)

Filed: June 6, 2011

Filed By: Paul S. Gillies, Attorney for Appellant/Applicant Marc Wood

Response in Opposition filed 6/17/11 by William F. Ellis, Attorney for Appellee Town of Hartford


___ Granted                    _X_ Denied                    ___ Other

Currently before the Court is a motion, filed by Appellant/Applicant Marc Wood ("Appellant") titled "Motion to Alter/Reconsider and Motion Pursuant to V.R.C.P. 60(b)(6)." The motion appears to seek alteration of or relief from the Court's May 20, 2011 Entry Order denying summary judgment to Appellant, as the moving party, on a number of issues corresponding to Questions Appellant includes in his Statement of Questions.

While there appears to be no mandate that we address motions to alter or reconsider our decisions on pretrial motions that do not conclude a case, we have historically treated such motions as motions filed in accordance with V.R.C.P. 59(e). See, e.g., In re Lathrop Ltd. P'ship I, Nos. 122-7-04 Vtec, 210-9-08 Vtec, and 136-8-10 Vtec, slip op. at 10 (Vt. Super. Ct. Envtl. Div. Apr. 12, 2011) (Durkin, J); V.R.E.C.P. 5(a)(2). Rule 59(e) requires that such motions be filed within 10 days of the entry of judgment. Additionally, it is ultimately within the Court's discretion whether to grant such motions, and we have identified four basic grounds for doing so: (1) to "correct manifest errors of law or fact upon which the judgment is based"; (2) to allow a moving party to "present newly discovered or previously unavailable evidence"; (3) to "prevent manifest injustice"; and (4) to respond to an "intervening change in the controlling law." Lathrop Ltd. P'ship I, Nos. 122-7-04 Vtec, 210-9-08 Vtec, and 136-8-10 Vtec, slip op. at 10–11. (quoting 11 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2810.1); see V.R.C.P. 59(e); Drumheller v. Drumheller, 2009 VT 23, ¶ 29, 185 Vt. 417 ("Vermont Rule 59(e) is substantially identical to Federal Rule of Civil Procedure 59(e), and we have looked to federal decisions interpreting the federal rule for guidance in applying the Vermont rule").

It appears that the current motion seeks to raise a factual issue not presented as part of Appellant's original motion and not explicitly raised in any of the Questions in Appellant's Statement of Questions. To the extent that the current motion does seek alteration of a conclusion we reached in our previous Entry Order, Appellant has not made any showing of an error of law or fact, new evidence, injustice, or change in the controlling law that would warrant such alteration. Consequently, we **DENY** Appellant's motion to alter or reconsider.

Turning to V.R.C.P. 60(b)(6), which Appellant argues warrants relief being granted to him, such a motion is premature as it concerns the pending docket, No. 138-8-10 Vtec. Rule 60(b) allows the Court to "relieve a party . . . from a final judgment, order, or proceeding" for a number of specified reasons plus a catch-all provision of "any other reason justifying relief from the operation of the judgment." V.R.C.P. 60(b) (emphasis added). Because the Court has not issued a final judgment or order in this docket, there is no order from which to relieve Appellant.

Appellant's motion also appears to request relief under V.R.C.P. 60(b)(6) from either or both of the following final judgments previously issued in cases involving Appellant: (1) the Decision and Order issued on September 21, 2001 in Docket Nos. 72-3-00 Vtec, 91-5-00 Vtec, and 219-5-00 Wrcv and that was affirmed in Town of Hartford v. Wood, No. 2001-473 (Vt. May, 2002) (unpublished mem.), and (2) the Entry Order issued on June 10, 2009 in Docket No. 176-8-07 Vtec. In ruling on this request, we follow the guidance of the Supreme Court that Rule 60(b)(6) only authorizes a trial court to reopen a judgment that has remained final for a substantial period when the moving party makes a showing of "extraordinary circumstances" that countervail the interests of finality. See McCleery v. Wally's World, Inc., 2007 VT 140, ¶¶ 10-13, 183 Vt. 549.

Appellant has failed to show what extraordinary circumstances exist warranting a reopening of these long-final judgments. The current docket is just the latest chapter in an unusually long and tortured history of litigation between Appellant and the Town. Appellant now appears to argue that the previous decisions described above are in opposition to each other and that, thus, one of them must be reopened. We find the Court's prior rulings to be clear and to not evidence the contradiction that Appellant suggests. Accordingly, we **DENY** Appellant's motion under Rule 60(b)(6) as it concerns any decision or entry order in the currently pending docket, No. 138-8-10 Vtec, and the decisions and judgment orders in the two prior proceedings described above.

To the extent that one of Appellant's premises at trial will be that the wall (or walls) he has already constructed was approved in a prior proceeding, we look forward to his presentation of evidence, at trial, demonstrating such approval and establishing that the existing wall (or walls) was constructed in conformance with such approval. It would be improper for the Court to assume that such evidence exists, as Appellant appears to suggest. We also look forward to Appellant's additional presentation at trial of how his current applications for zoning approval conform to the applicable provisions of the Town zoning regulations.

Through this Entry Order we **DENY** Appellant's motion in its entirety. Parties should now prepare all relevant, admissible evidence for presentation to the Court during the upcoming merits hearing which is scheduled for July 14, 2011 at the Windsor Superior Courthouse in Woodstock, Vermont.

_____          _____July 8, 2011_____
     Thomas S. Durkin, Judge                                          Date

==================================================================

Date copies sent to: _____          Clerk's Initials _____

Copies sent to:

   Paul S. Gillies, Attorney for Appellant/Applicant Marc Wood

   William F. Ellis, Attorney for Appellee Town of Hartford

   Kimberlee Sturtevant, Co-counsel for Appellee