STATE OF VERMONT

SUPERIOR COURT                                          ENVIRONMENTAL DIVISION
Vermont Unit                                            Docket No. 190-11-10 Vtec

| Hale Mountain F & G Club Improvement Applic. |
|---|

## ENTRY REGARDING MOTION

Title:          Motion for Relief from Judgment (Motion 20)
Filer:          Owen and Katherine Beauchesne
Attorney:       Herbert G. Ogden
Filed Date:     December 1, 2014

Response filed on 12/24/2014 by Attorney Rodney E. McPhee for Appellant Hale Mountain Fish & Game Club

Response filed on 01/02/2015 by Attorney Herbert G. Ogden for Owen & Katherine Beauchesne

**The motion is DENIED.**

Pending before the Court is Owen and Katherine Beauchesne's ("the Beauchesnes") motion for relief from part of this Court's October 4, 2012 Merits Decision ("Decision"). That Decision resolved Hale Mountain Fish & Game Club's ("the Club") appeal from the Town of Shaftsbury Development Review Board's ("DRB") denial of their application for a zoning permit for thirteen improvements to their property, as enumerated by this Court in a prior proceeding. See In re Hale Mountain Fish & Game Club, No. 190-11-10 Vtec, slip op. at 3–4 (Vt. Super. Ct. Envtl. Div. Oct. 4, 2012) (Durkin, J).

The Decision denied the application without prejudice, ruling that the Club presented credible facts to show that the improvements were permitted as group service uses under section 4.1.1.4.3 of the Town of Shaftsbury Zoning Bylaws ("Bylaws") but, as determined by the DRB, conditioned upon site plan approval. Id. The Decision specifically states that "[o]nce site plan approval is received and becomes final, Hale Mountain will be entitled to request that the Town of Shaftsbury Zoning Administrator complete the ministerial act of re-issuing a zoning permit for the enumerated improvements that were the subject of Hale Mountain's original application." Id. at 4.

When the Beauchesnes appealed that Decision to the Vermont Supreme Court, it was fully affirmed in a decision dated June 6, 2014. See In re Hale Mountain, 2014 VT 54, available at http://info.libraries.vermont.gov/supct/current/op2012-412.html. The Beauchesnes now request relief from part of the trial court Decision, to the extent it prevents them from challenging the characterization and review of the structural improvements.

Rule 60(b) of the Vermont Rules of Civil Procedure ("V.R.C.P.") provides that, "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final

judgment, order, or proceeding" for a number of specified reasons.  V.R.C.P. 60(b).  The Beauchesnes argue that two subsections of Rule 60(b) apply to their request for relief, (6) and alternatively, (5).  Rule 60(b)(5), like the analogous federal rule, provides that the Court may relieve a party from a final judgment or order if the judgment has been satisfied, or a prior judgment on which it is based has been reversed or otherwise vacated, or "it is no longer equitable that the judgment should have prospective application."

It is not clear that Rule 60(b)(5) applies in this case.  The applicable provision relates to judgments that have prospective effect and refers to some change in conditions that makes enforcement inequitable.  In re Cumberland Farms, Docket No. 196-9-02 Vtec, slip op. at 5–6 (Vt. Envtl. Ct. Apr. 18, 2008) (Wright, J) (citing 11 Wright, Miller & Kane, Federal Practice and Procedure: Civil2d § 2863 n.19).  The Beauchesnes have offered no change in factual conditions or in law to support a finding that enforcement of the Decision has become inequitable.  To the extent that the Beauchesnes' motion is premised upon V.R.C.P. 60(b)(5), we **DENY** their motion.

Rule 60(b)(6) allows the trial court to relieve a party from a final judgment for any reason other than those set forth in the other sections of the Rule, upon such terms as are just and as long as the request for relief is made within a reasonable time.  V.R.C.P. 60(b).  Although the grounds for relief are broadly stated and the Rule must be interpreted liberally to prevent hardship or injustice, "interests of finality necessarily limit when relief is available."  Sandgate School Dist. v. Cate, 2005 VT 88, ¶ 7, 178 Vt. 625 (mem.) (citing Estate of Emilo v. St. Pierre, 146 Vt. 421, 423–24 (1985)); Riehle v. Tudhope, 171 Vt. 626, 627 (2000) (citations omitted).  It is the moving party's burden to make a showing of "extraordinary circumstances" that countervail the interests of finality.  See McCleery v. Wally's World, Inc., 2007 VT 140, ¶¶ 10–13, 183 Vt. 549.

The Beauchesnes argue for the liberal application of Rule 60(b)(6) to grant relief from a Decision they say causes them unjust hardship.  (Mot. for Relief from Judgment at 2, filed Dec. 1, 2014).  They identify "the way in which the Vermont Supreme Court brushed aside the difference between this Court's oral findings . . . [and] language in the judgment" as "extraordinary circumstances" sufficient to trigger Rule 60(b)(6).  Id.

In their appeal to the Supreme Court, the Beauchesnes argued that this Court erred in relying on the group service uses provision in the bylaws, ignoring the Club's actual use of its property.  In support of their argument that the improvements should be reviewed under the provisions for non-conforming uses, the Beauchesnes relied on this Court's comments from the bench at the August 28, 2012 merits hearing, at the conclusion of which we stated that:

> There has not been a determination by this Court that the specific improvements that have been proposed by the Club evidence an expansion of a non-conformity.  Whether they do or whether it is mere maintenance of the facility as it has existed for years is something that will be left to another proceeding perhaps.

The Beauchesnes asserted that this statement was an "oral reservation" of the claim that the Club's improvements were an expansion of a nonconforming use rather than maintenance of that use.  They also argued that this statement conflicts with our October 4, 2012 Decision, in which we ruled that the Club is entitled to zoning permits once it obtains site

plan approval and that the Beauchesnes are precluded from alleging violations predicated on increased use. The Supreme Court disagreed with this characterization of our "comments from the bench," which, they concluded, "were plainly not intended as findings." In re Hale Mountain, 2014 VT at ¶ 22.

The Beauchesnes now allege that the Supreme Court's characterization of this Court's comments creates a hardship because they "will continue to be subjected to the gunfire noise that construction of these 'improvements' has facilitated in all seasons and all sorts of weather" and that the value of their 155± acre property has been "seriously reduced," as supported by a broker's preliminary estimate. (Mot. for Relief from Judgment at 4). We decline to adopt the Beauchesnes' reasoning. The Supreme Court's characterization of our comments at the merits hearing is not the type of "extraordinary circumstance" that warrants relief under Rule 60(b)(6).

Rule 60(b)(6) "may not be used to relieve a party from free, calculated, and deliberate choices" and does not give the Beauchesnes an avenue to relitigate issues fully decided in prior proceedings. Sandgate School Dist., 2005 VT 88, ¶ 7 (quotation omitted). It was the Beauchesnes prerogative to rely on this argument despite precedent establishing that "where there are inconsistencies between oral and written findings, the written findings must prevail." Hanson-Metayer V. Hanson-Metayer, 2013 VT 29, ¶ 46, 193 Vt. 490, 507. Furthermore, the decisions of the former Environmental Board, this Court, and the Vermont Supreme Court establish that the Club's operations are lawful. The fact that the Club will continue to operate is therefore not grounds for relief from judgment under Rule 60(b).

For this reason, we **DENY** their Rule 60(b)(6) and 60(b)(5) motions for relief from the October 4, 2012 judgment.

Electronically signed on April 17, 2015 at Newfane, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Judge
Environmental Division

Notifications:
Rodney E. McPhee (ERN 3612), Attorney for Appellant Hale Mountain Fish & Game Club
Robert E. Woolmington (ERN 3047), Attorney for Appellee Town of Shaftsbury
Herbert G. Ogden (ERN 1827), Attorney for Interested Persons Owen and Katherine Beauchesne
James P.W. Goss, as Co-counsel for Appellant Hale Mountain Fish & Game Club