# STATE OF VERMONT

SUPERIOR COURT                                    ENVIRONMENTAL DIVISION
Vermont Unit                                        Docket No. 101-6-09 Vtec
                                                    Docket No. 102-6-09 Vtec
                                                    Docket No. 6-1-11 Vtec

---

## ANR v Ken Bacon and Ken Bacon Jr. (Washington);

## ANR v Bacon d/b/a Bacon Timber Harvest (Hyde Park); and

## ANR v Ken Bacon and Ken Bacon Jr. (Barton).

---

## ENTRY REGARDING MOTION

Title:          Motion for Relief from Stipulation (Motion 7)
Filer:          Ken Bacon and Ken Bacon Jr.
Attorney:       Jason J. Sawyer
Filed Date:     June 1, 2015

Response in Opposition filed 06/16/15 by Attorney John Zaikowski for Petitioner Vermont Agency of Natural Resources

**The motion is DENIED.**

Pending before the Court is Ken Bacon's and Ken Bacon, Jr.'s ("the Bacons") motion for relief from the Stipulated Agreement approved by this Court's Order dated January 14, 2013 ("Agreement"). That Agreement resolved the Agency of Natural Resources's ("ANR") Petition for Order to Show Cause, which was prompted by the Bacons' failure to comply with Administrative Orders ("AO") in three matters arising from violations occurring at logging jobs in Washington, Hyde Park, and Barton, Vermont. In the Agreement, the Bacons agreed to pay the total accrued penalty of $40,763 in twelve quarterly installments of $3,396.92 over a three year period; enroll in the Logger Education to Advance Professionalism Program ("LEAP"); and notify ANR's Department of Forests, Parks, and Recreation ("FPR") in writing no fewer than five days prior to the commencement of any logging operation in Vermont for a three year period from the date of the Court's Order.

On March 23, 2015, ANR filed a second Petition for Order to Show Cause in all three matters for violations of the Agreement arising from the Bacons' failure to pay the agreed-upon penalties and to notify FPR of six logging operations the Bacons conducted. The Bacons now request relief from the Agreement pursuant to Rule 60(b)(6) of the Vermont Rules of Civil Procedure ("V.R.C.P."). They argue for the liberal application of the Rule 60(b)(6) to grant relief from the Agreement, which they allege they entered into under duress and without a complete

understanding of the terms.  They also contend that the terms of the Agreement amount to an abuse of ANR's enforcement powers and that ANR should be equitably estopped from imposing any fines arising from the Bacons' failure to provide written notification.

Rule 60(b)(6) allows the trial court to relieve a party from a final judgment for any reason other than those set forth in the other sections of the Rule, upon such terms as are just and as long as the request for relief is made within a reasonable time. V.R.C.P. 60(b).  Although the grounds for relief are broadly stated and the Rule must be interpreted liberally to prevent hardship or injustice, "interests of finality necessarily limit when relief is available."  Riehle v. Tudhope, 171 Vt. 626, 627 (2000) (citing Tudhope v. Riehle, 167 Vt. 174, 178 (1997)); see also Sandgate School Dist. v. Cate, 2005 VT 88, ¶ 7, 178 Vt. 625 (mem.) (quoting Estate of Emilo v. St. Pierre, 146 Vt. 421, 423–24 (1985)).  For this reason, motions for relief must "be made within a reasonable time," and the court has discretion in determining whether the delay was reasonable.  Greenmoss Builders, Inc. v. Dun & Bradstreet, Inc., 149 Vt. 365, 368–69 (1988) (quoting V.R.C.P. 60(b)).  Only extraordinary circumstances will justify a party's failure to seek more timely relief, and it is the moving party's burden to make a showing of "extraordinary circumstances" that countervail the interests of finality.  See Riehle, 171 Vt. at 630; McCleery v. Wally's World, Inc., 2007 VT 140, ¶¶ 10–11, 183 Vt. 549.

The Bacons' motion comes nearly two-and-a-half years after the Court signed the consented-to Agreement and Order on January 14, 2013.  They now suggest that their motion was made within a reasonable time from the date in March 2015 when they became aware of ANR's intention to seek enforcement of the Agreement's provision.  This is not, however, the time frame envisioned by the Rule.  The "reasonable time" in which Rule 60(b)(6) motions must be made begins to run on the date of the judgment being challenged, not from any subsequent date of enforcement.

The Bacons argue that the penalty imposed is unconscionable and that they were under duress in agreeing to it, and these are extraordinary circumstances countervailing the interests of finality.  First, the Bacons suggest that ANR exceeded the normal boundaries of negotiation by imposing fines that it should have known the Bacons could never hope to pay.  They also suggest that they signed the Agreement "[w]ith the threat of jail time hanging over their heads, and their attorney basically telling them, 'just sign this,'" and that "they were led to believe that the [Agreement] was the only way out of their problems . . . ."  (Bacons' Motion for Relief at 2, filed June 1, 2015).  We conclude that the twenty-six months that elapsed since the judgment date and the Bacons' motion for relief far exceeds a reasonable time period

The fines they accepted as a term of the Agreement are equal to the total accrued penalty already imposed by this Court after merits hearings in Docket Nos. 101-6-09 Vtec and 102-6-09 Vtec and as a result of the AO in Docket No. 6-1-11 Vtec.  The Bacons did not appeal this Court's merits decisions.  ANR did not inflate the penalty and instead granted the Bacons three additional years in which to pay the fine in quarterly payments of $3,396.92, which amounts to just over $1,000 per month.  We cannot find it unconscionable to impose a fine already owed and to allow the respondent a timeframe within which to pay it.  Furthermore, although the Vermont Supreme Court has applied Rule 60(b)(6) to judgments with unconscionable terms, "apart from considerations of finality, requests for such relief must be

sparingly granted because of our assumption that an agreement reached by the parties is preferable to one imposed by the courts." Riehle, 171 Vt. at 627. The Court therefore concludes that the fine imposed is not unconscionable.

As to their second argument, we note that the Bacons accepted the terms of the Agreement to avoid contempt proceedings resulting from their failure to comply with this Court's January 2010 Decision and Judgment Order in Docket Nos. 101-6-09 and 102-6-09 Vtec and January 2011 Judicial Order in Docket No. 6-1-11 Vtec. Contempt proceedings by law include the possibility of incarceration, and the Bacons cannot now claim that the possibility of jail time invalidates the Agreement. See 12 V.S.A. § 121-23; Kellner v. Kellner, 2005 VT 1, ¶ 13, 176 Vt. 571 (concluding that where a stipulation was a calculated tactical decision to avoid contempt proceedings, it was not entered into under duress). After facing contempt charges for failing to comply with this Court's Order, the Bacons made a tactical decision: they chose to withdraw their objections, sign the Agreement, and pay their fines in installments over several years in order to avoid a more onerous penalty. The Bacons cannot now rely on Rule 60(b)(6) to "substitute for a timely appeal or [provide relief from an ill-advised tactical decision or from some other free, calculated, and deliberate choice of action." Riehle, 171 Vt. at 627 (citing Richwagen v. Richwagen, 153 Vt. 1, 3–4 (1989); Greenmoss Builders, Inc., 149 Vt. at 368). We cannot, therefore, conclude that the Agreement is invalidated by duress.

In addition to the unconscionable advantage argument, the Bacons argue that ANR should be equitably estopped from imposing any fines arising out of the Bacons' failure to provide written notice to FPR because it was aware of the Bacons' logging operations for a year-and-a-half before it told the Bacons that failure to provide written notice was a violation of the Agreement. The Bacons argue that by allowing them to take jobs without requiring written notice, ANR allowed the Bacons to take action to their detriment and created a good faith belief that actual notice would be sufficient. For the reasons stated below, we conclude that this argument is misplaced.

"The doctrine of equitable estoppel precludes a party from asserting rights which otherwise may have existed as against another party who has in good faith changed his position in reliance upon earlier representations." In re Lyon, 2005 VT 63, ¶ 16, 178 Vt. 232 (quoting My Sister's Place v. City of Burlington, 139 Vt. 602, 609 (1981)) (internal quotation marks omitted). It is "based upon the grounds of public policy, fair dealing, good faith, and justice, and its purpose is to forbid one to speak against his own act, representations or commitments to the injury of one to whom they were directed and who reasonably relied thereon." Id. (quotations omitted). Estoppel should be applied to the government only with great caution. Id. (citing In re McDonald's Corp., 146 Vt. 380, 383 (1985) (quotations omitted)); My Sister's Place, 139 Vt. at 609 (citations omitted); see also Lakeside Equip. Corp. v. Town of Chester, 2004 VT 84, ¶ 8, 177 Vt. 619 (mem.) (noting that equitable estoppel against a government entity should be applied "'only in rare instances' when the elements of estoppel are met and the injustice that would result from denying estoppel outweighs the negative impact on public policy that would result from applying the doctrine" (quoting Larkin v. City of Burlington, 172 Vt. 566, 569 (2001) (mem.)).

In addition to this specialized fifth element pertaining to equitable estoppel claims against governmental entities, a party invoking the doctrine of equitable estoppel has the burden of establishing each of its four constituent elements: (1) the party to be estopped must know the facts; (2) the party being estopped must intend that his conduct shall be acted upon or the acts must be such that the party asserting the estoppel has a right to believe it is so intended; (3) the latter must be ignorant of the true facts; and (4) the party asserting the estoppel must rely on the conduct of the party to be estopped to his detriment.  See Lyon, 2005 VT 63, ¶ 17 (citing Wesco, Inc. v. City of Montpelier, 169 Vt. 520, 524 (1999)).

We hold that the Bacons have not established the required elements of estoppel and have not met their burden for estopping ANR.  Regarding the first element, the Bacons have not established that ANR knew the relevant facts.  The Bacons allege that they conducted their logging business under the "nearly constant supervision by [ANR] employees," and that ANR "had actual knowledge of essentially every job the Bacons worked because [ANR] employees were always there."  (Bacons' Motion for Relief at 2).  The Bacons argue that each of the six jobs that took place between September 2013 and March 2015 went forward with ANR's knowledge, that ANR therefore knew the relevant facts.

ANR acknowledges that it became aware of these unreported operations at various times during that period, but only *after* the Bacons had commenced these logging jobs.  (ANR's Opposition at 6, filed June 15, 2015).  The Bacons have failed to establish that ANR was fully aware of or condoned their unreported logging operations before they commenced.  It is not ANR's responsibility to remain apprised of the Bacons' pending logging operations and to remind them of their duty to inform FPR in writing prior to commencement.  It was the Bacons' duty to inform the FPR before commencing operations, and they cannot now argue that ANR is estopped from imposing fines for their failure to do so.  The doctrine of equitable estoppel cannot be invoked in favor of one whose own omissions or inadvertences contributed to the problem.  Town of Bennington v. Hanson-Walbridge Funeral Home, Inc., 139 Vt. 288, 294 (1981) (citations omitted).

The Bacons have also failed to satisfy the second element.  The Bacons have offered no facts to support a finding that ANR intended them to rely on ANR's conduct, or that the Bacons could reasonably believe that ANR intended to induce reliance.  In fact, the Bacons concede that ANR "never made any representations that [the Bacons'] actions were acceptable or in compliance with the [Agreement]."  (Bacons' Motion for Relief at 2).  The notice requirement is the latest in a series of Court Orders requiring the Bacons to notify FPR of upcoming logging operations in writing no fewer than five days prior to commencement.  In fact, the requirement arose from the Bacons' failure to comply with this Court's January 2010 Decision and Judgment Order in Docket Nos. 101-6-09 and 102-6-09 Vtec and January 2011 Judicial Order in Docket No. 6-1-11 Vtec.  The March 2015 Petition for Order to Show Cause marks ANR's second attempt to impose the terms of the various Orders spanning as far back as 2010.  The Bacons cannot now argue that ANR intended for them to rely on ANR's failure to immediately initiate the current proceedings.

As to the third element, the Bacons have failed to establish that they were ignorant of the true facts.  The Bacons themselves admit that they were aware of the notice requirement

but that it "seemed like an exercise in futility." (Bacons' Motion at 2). Despite this admission, the Bacons failed to notify either ANR or the Court of their inability to comprehend or comply with the notice requirement until the present motion, filed more than five years after the initial Decision in the matter. Further, as indicated above, the Agreement was signed in response to the Bacons' failure to comply with the notice requirements in the Court's January 2010 Decision and Judgment Order. The Bacons accepted the terms of the Agreement to avoid contempt proceedings, and were thus aware of the notice requirements and the consequences of their failure to comply.

Finally, the Bacons have failed to establish that they relied on ANR's failure to impose the notice requirement to their detriment. The Bacons were aware of the consequences of their failure to provide adequate notice per the terms of the Agreement, yet chose to forgo notice. They have failed to establish that ANR was actually aware of any logging operations prior to commencement, making it unclear to this Court how the Bacons could now argue that ANR acquiesced to their failure to provide notice. As stated above, we will not predicate an estoppel in favor of a party whose own omissions contributed to the problem. Town of Bennington, 139 Vt. at 294. The Bacons have thus failed to satisfy the fourth element of estoppel.

Accordingly, the Bacons have failed to show that they are entitled to relief under Rule 60(b)(6); their motion for relief is therefore **DENIED**.


Electronically signed on September 15, 2015 at Burlington, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Judge
Environmental Division

Notifications:
John Zaikowski (ERN 4276), Attorney for Petitioner Vermont Agency of Natural Resources
Jason J. Sawyer (ERN 4192), Attorney for Respondent Ken Bacon and Ken Bacon, Jr.