STATE OF VERMONT

SUPERIOR COURT                                                ENVIRONMENTAL DIVISION
                                                                    Docket No. 45-5-15 Vtec

| Purvis Nonconforming Use |
|---|

## ENTRY REGARDING MOTION

Count 1, Municipal DRB Other (45-4-15 Vtec)

Title:            Motion for Relief from Stipulated Order (Motion 6)

Filer:           Luke Purvis

Attorney:    Hans G. Huessy

Filed Date:   March 9, 2018

Response in Opposition filed on 03/30/2018 by Attorney Kimberlee J. Sturtevant for
    the City of Burlington

Response in Opposition filed on 04/01/2018 by Joseph Cleary, Interested Person

Reply in Support filed on 04/09/2018 by Attorney Hans G. Huessy for Appellant Luke Purvis

Response to Reply filed on 05/02/2018 by Joseph Cleary, Interested Person

Supplemental Response filed on 06/04/2018 by Attorney Kimberlee J. Sturtevant for
    the City of Burlington

Supplemental Reply filed on 06/04/2018 by Attorney Hans G. Huessy for Appellant Luke Purvis

Supplemental Response filed on 06/04/2018 by Joseph Cleary, Interested Person

Supplemental Response filed on 06/06/2018 by Joseph Cleary, Interested Person

Reply to Supplemental Response filed on 06/08/2018 by Attorney Hans G. Huessy
    for Appellant Luke Purvis

Response to Reply filed on 06/12/2018 by Joseph Cleary, Interested Person

Response to Reply filed on 06/15/2018 by Attorney Kimberlee J. Sturtevant for
    the City of Burlington

-------------------------------------------------------------------------------------------------------------------------

Title:            Motion for Relief from Settlement Agreement (Motion 8)

Filer:           Luke Purvis

Attorney:    Hans G. Huessy

Filed Date:   April 20, 2018

Response in Opposition filed on 05/07/2018 by Joseph Cleary, Interested Person

Supplemental Response filed on 06/04/2018 by Attorney Kimberlee J. Sturtevant for the City of Burlington

Supplemental Response filed on 06/04/2018 by Attorney Hans G. Huessy for Appellant Luke Purvis

Supplemental Response filed on 06/04/2018 by Joseph Cleary, Interested Person

Supplemental Response filed on 06/06/2018 by Joseph Cleary, Interested Person

Reply to Supplemental Response filed on 06/08/2018 by Attorney Hans G. Huessy for Appellant Luke Purvis

Response to Reply filed on 06/12/2018 by Joseph Cleary, Interested Person

Response to Reply filed on 06/15/2018 by Attorney Kimberlee J. Sturtevant for Interested Person City of Burlington

**The motions are DENIED.**

The present appeal is of a determination made by the City of Burlington Development Review Board ("DRB") concerning Appellant Luke Purvis' parking area behind his residence located at 164 North Willard Street in the City of Burlington ("City"). The motions presently before the Court are Appellant's motions for relief from the parties' August 23, 2016 settlement agreement ("Settlement Agreement"), entered into by Appellant, the City, and Interested Persons Joseph and Teresa Cleary, and the Court's September 26, 2016 stipulated order ("Stipulated Order"), which incorporated that Agreement.

### Background

We find it helpful to begin our analysis with a brief procedural history of this appeal. The present matter was filed on May 1, 2015. After the Court denied Appellant's partial motion for summary judgment on January 27, 2016, the matter was then set for trial on June 7, 2016. Appellant then moved to continue the trial, which was opposed by the Cleary's. The Court granted the motion and continued trial until September 27, 2016.

On August 23, 2016, the parties entered into the Settlement Agreement. The Settlement Agreement addressed the DRB determination presently on appeal as well as other underlying property issues. Importantly for the pending motion, the Settlement Agreement included Paragraph 7. Paragraph 7 stated that the City and Appellant would meet for further mediation related to other possible zoning issues at the property, no later than January 15, 2017. The Cleary's were not to be parties to that mediation. The City and Appellant did not conduct further mediation by this date.

On September 26, 2016, the Court approved and filed the Stipulated Order, which incorporated the Settlement Agreement. As a result of this Order, the matter was dismissed without prejudice. The Stipulated Order stated that the parties were to have until August 1, 2017 to file a motion to re-open the matter, or a motion to extend the period for filing such a motion ("the August deadline"). No party filed either such motion before the August deadline.

**Discussion**

We turn now to Appellant's present motions. Appellant moves for relief from the Stipulated Order pursuant to Rule 60(b)(6). He additionally moves for relief from the Settlement Agreement.

**I.      The Settlement Agreement and the relevant standard of review for Appellant's pending motion.**

We begin with a threshold procedural question. In his June 8, 2018 filings, Appellant appears to assert that this Court lacks jurisdiction to enforce or negate the Settlement Agreement because the agreement both addresses an underlying private property dispute and that the enforcement of the agreement is a matter of contract law, both of which are outside the scope of this Court's jurisdiction. Therefore, he asserts that any attempt to enforce the agreement would have to be filed in the Vermont Superior Court, Civil Division in Chittenden County. For the reasons detailed below, we decline to adopt Appellant's reasoning.

Trial courts have the authority to enforce the terms of a settlement agreement that has been incorporated into a Court Order. In re Ferro & Pomeroy Demo/Const. Permit, No. 197-10-09 Vtec, slip op. at 2 (Vt. Super. Ct. Envtl. Div. Nov. 22, 2011) (Durkin, J.) (citing Petition of Telesystems Corp., 148 Vt. 411, 413 (1987); see also Brady v. Cu York Ins. Co., No. S1223-02 CnC (Vt. Super. Ct. Jun. 27, 2005) (Norton, J.) (noting that "Vermont law . . . requires that such enforcement occur only after the court approves of the terms of a settlement agreement and enters an appropriate judgment order based on the agreement.") *aff'd and rem'd*, No. 2005-323, 2006 WL 5866264 (Vt. Sup. Ct. Mar. 1, 2006). Here, it is undisputed that the parties entered into a binding settlement agreement that was thereafter incorporated into a stipulated order in the underlying action. As such, we conclude we have the authority to review the Settlement Agreement.

Appellant next asserts that the standard of review in seeking relief from the Settlement Agreement is different from the Rule 60(b) standard applied when seeking relief from a final court order.[1] Appellant is mistaken in this assertion. V.R.C.P. 60(b) is the appropriate method for a party to seek relief from a stipulated settlement agreement that is incorporated into a final judgment. Kellner v. Kellner, 2004 VT 1, ¶ 6, 8, 176 Vt. 571 (citing Johnston v. Wilkins, 2003 VT 56, ¶ 8, 175 Vt. 567).

The Court therefore applies the V.R.C.P. 60(b) standard to both motions presently before the Court. We address each motion in turn.

**II.      Analysis of the pending motions.**

V.R.C.P. 60(b) allows the Court to grant relief from a final judgment or order upon motion and "upon such terms as are just," for reasons of:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . ., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, . . . or it is

---

[1] We note that Appellant provides no alternative standard of review.

no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

V.R.C.P. 60(b). Motions must be filed within a reasonable time, and the Court has discretion in determining whether the delay was reasonable. Greenmoss Builders, Inc. v. Dun & Bradstreet, Inc., 149 Vt. 365, 368—69 (1988) (citing V.R.C.P. 60(b)).

Motions pursuant to subsections (1), (2), and (3) must be made within one year after the order was entered or taken. V.R.C.P. 60(b). We note that, to the extent Appellant asserts that Rule 60(b)(2) or (3) applies to his motion for relief from the Settlement Agreement, due to the newly discovered evidence and the alleged negligence by the City, such motions are untimely. The parties entered into the Settlement Agreement in August 2016 and the Court issued the Stipulated Order in September 2016. Therefore, Appellant's April 20, 2018 motion is untimely, and the Court will consider Appellant's motion pursuant to Rule 60(b)(6) alone.

Although the grounds for relief are broadly stated and Rule 60(b) must be interpreted liberally to prevent hardship or injustice, "the interests of finality necessarily limit when relief is available." Riehle v. Tudhope, 171 Vt. 626, 627 (2000) (citing Tudhope v. Riehle, 167 Vt. 174, 178 (1997)); see also Sandgate School Dist. v. Cate, 2005 VT 88, ¶ 7, 178 Vt. 625 (mem.) (quoting Estate of Emilo v. St. Pierre, 146 Vt. 421, 423-24 (1985)). Only extraordinary circumstances will justify a party's failure to seek more timely relief, and it is the moving party's burden to make a showing of "extraordinary circumstances" that countervail the interests of finality. See Riehle, 171 Vt. at 630; McCleery v. Wally's World, Inc., 2007 VT 140, ¶¶ 10—11, 183 Vt. 549. Finally, we note that Rule 60(b)(6) cannot be relied upon to "substitute a timely appeal or provide relief from an ill-advised tactical decision or from some other free, calculated, and deliberate choice of action." Riehle, 171 Vt. at 627 (citations omitted).

We first address Appellant's motion for relief from the Stipulated Order, considering whether there is "any other reasons justifying relief from the operation of the judgement" under V.R.C.P. 60(b)(6). Appellant asserts that the City implicitly waived the August deadline. As such, any enforcement of the deadline against him would result in him losing the right to use the parking area at issue "without a trial," resulting in a hardship for Appellant.

Appellant and counsel were well aware of the August deadline. Appellant's counsel's last communication to the City before the deadline occurred on July 25, 2017. The City did not respond until the morning of the deadline. While we have been provided with some evidence that the parties continued to discuss the potential for mediation after the deadline, we have been provided with no justification or explanation as to why, when it became abundantly clear to Appellant that mediation with the City would not occur before August 1, he did not file a motion to re-open or to extend the time to file such an extension request, as contemplated by the Stipulated Order. Appellant then waited over seven months after the August deadline expired to file the present motion.

Appellant's motion was filed approximately a year and a half after the Court entered the Stipulated Order. Further, Appellant's motion was filed over seven months after the August deadline expired. For these reasons, we conclude that the Appellant's motion was not filed

within a reasonable time.[2]  Further, we conclude that the decision not to file a motion as contemplated by the Stipulated Order prior to the deadline constitutes a tactical decision which does not afford Appellant relief under Rule 60(b)(6).

We next evaluate the Appellant's motion for relief from the Settlement Agreement under the Rule 60(b)(6) standard.  Appellant asserts that he is entitled to relief from the Settlement Agreement because of an alleged conflict of interest of his prior counsel when the Settlement Agreement was entered into, a conflict which we note he was aware of prior to the initial settlement mediation.[3]  We also note that Appellant provides no evidence that the conflict effected the Settlement Agreement in any way.  Instead, Appellant asserts that he is dissatisfied with the agreement and entered it upon the advice of his former counsel.

The parties entered into the Settlement Agreement on August 22, 2016.  On August 29, 2016, former counsel filed a motion to withdraw from this matter which the Court granted on August 31, 2016.  Appellant then hired current counsel.  Current counsel drafted the Stipulated Order, incorporating the Settlement Agreement, which was filed with the Court on September 23, 2016.  The Court then issued the Stipulated Order on September 26, 2016.

Appellant's motion for relief from the Settlement Agreement was filed over 19 months after the agreement was entered into, and approximately 18 months after the Court adopted it in our Stipulated Order.  Appellant has asserted that at the time he entered into the agreement, he viewed the agreement as "bad."  Yet he did not seek relief from the agreement when he retained current counsel, and instead counsel incorporated that agreement into the Order.  On the facts presented, we cannot discern how the possible conflict raised by his former attorney unduly caused Appellant to enter into the Agreement at the time of signing.  We note that Appellant's current position that he is unhappy with the consequences that have flowed from the Agreement are not grounds for this Court to reach back in time and void his decision to voluntarily resolve this litigation.

The above timeline also shows that Appellant unduly delayed seeking relief from the Agreement.  In light of these facts, the Court concludes that the present motion for relief from the Settlement Agreement were not made within a reasonable time.  Further, the failure to seek

---

[2] We further note that both the City and the Clearys assert that they will be prejudiced should the Court grant the motion.  The City asserts that they will be forced to continue to pursue a case that was dismissed.  The Clearys assert that the mediation between the City and Appellant was not to include them.  Therefore, they assert that, should the Court grant the present motion their rights and obligations as set forth within the Stipulated Order, and the Settlement Agreement incorporated therein, will be put at risk through no fault of their own.

[3] Appellant asserts that former counsel represented him at the initial settlement mediation, helped negotiate the settlement, and urged him to accept its terms.  He asserts that, prior to this mediation, former counsel informed him that she had a conflict with regards to a potential zoning issue at the property that was not a part of the present appeal because the law firm had represented Appellant in the property's purchase and were agents of the title company that had issued the property's title insurance policy.

Appellant asserts that, because he voiced concern with the parking area at issue in this appeal prior to closing on his purchase of the property, former counsel was effectively conflicted in the pending action prior to the mediation.

timely relief as contemplated by the Stipulated Order was a tactical decision that does not give rise to Rule 60(b) relief.

For these reasons, we conclude that both of Appellant's pending motions are untimely. We further conclude that Appellant's motions seek relief from his ill-fated tactical decisions and do not warrant relief under Rule 60(b).  Therefore, we **DENY** Appellant's motion for relief from the Stipulated Order and we **DENY** Appellant's motion for relief from the Settlement Agreement.

**So Ordered.**

Electronically signed on September 25, 2018 at Burlington, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Superior Judge
Environmental Division

Notifications:
Kimberlee J. Sturtevant (ERN 4778), Attorney for the City of Burlington
Interested Persons Joseph and Teresa Cleary
Hans G. Huessy (ERN 1813), Attorney for Appellant Luke Purvis
Christina A. Jensen (ERN 1291), Attorney for Hector Leclair (FYI purposes only)