VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.     22-AP-349



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

JUNE TERM,   2023

In re J.G., Juvenile            }    APPEALED FROM:
(G.G., Father\*)                 }
                                  }    Superior Court, Rutland Unit,
                                  }    Family Division
                                  }    CASE NO. 21-JV-00656
                                      Trial Judge: David A. Barra

In the above-entitled cause, the Clerk will enter:

Father appeals from the denial of his motion to set aside a March 2022 order that adjudicated his son J.G. as a child in need of care or supervision (CHINS).  We affirm.

This case is before the Court a second time.  We dismissed father's direct appeal of the CHINS merits decision as moot because the terms of a conditional custody order had expired and custody of J.G. had been returned to father without conditions.  See In re J.G., No. 22-AP-144 (Vt. Aug. 15, 2022) (unpub. mem.).  We concluded that the family division no longer had jurisdiction over J.G. and thus, there was no effective relief that this Court could grant to father.  See 33 V.S.A. § 5103(d)(2) (providing that the family division's jurisdiction over child who is not subject to another juvenile proceeding "shall terminate automatically . . . upon an order of the court transferring legal custody to a parent . . . without conditions or protective supervision").  We rejected father's argument that an exception to the mootness doctrine applied, concluding that father failed to show that he would suffer negative collateral consequences from the CHINS determination.

Several days after our decision, father filed a motion for relief from judgment under Vermont Rule of Civil Procedure 60, asking the family division to set aside the CHINS decision.  Father asserted that the CHINS determination hurt his relationship with J.G. and that its existence would also prevent him from pursuing a civil action under federal law.  Father suggested that appellate counsel had not adequately represented him and that his constitutional rights were violated because he had been left without a remedy.

The court denied the motion.  It found that, while father asserted that he would be left without a remedy unless the court vacated the CHINS finding, he did not explain how Rule 60 authorized the court to provide the requested relief.  The court further found that because J.G. had been returned to father's custody, it no longer had jurisdiction over this matter.  This appeal followed.

We conclude that the Rule 60 motion was barred by the law of the case and thus affirm the trial court's decision. See 12 J. Moore, et al., Moore's Federal Practice § 60.61, at 60–215 (3d ed. 2007) (discussing identical federal rule and explaining that Rule 60(b) motions are considered a continuation of original proceedings). "[A] Rule 60(b) motion can be denied as barred by the doctrine of the 'law of the case' if it attempts 'to argue over exactly what was finally determined in an appeal.'" McCleery v. Wally's World, Inc., 2007 VT 140, ¶ 9, 183 Vt. 549 (quoting 12 J. Moore, et al., Moore's Federal Practice § 60.67[3], at 60–236)). The doctrine serves a "compelling interest in continuity, finality, and efficiency both within cases and within the greater judicial system." United States v. Anderson, 772 F.3d 662, 669 (11th Cir. 2014). As set forth above, we dismissed father's direct challenge to the CHINS decision, concluding that there was no relief that this Court could grant to father with respect to the CHINS decision because the family division no longer had jurisdiction over J.G. Father then sought the same essential relief in his Rule 60 motion. Because we have previously concluded that this relief cannot be granted to father, the trial court properly denied the motion. Anderson, 772 F.3d at 668 (explaining that under law-of-the-case doctrine, " 'an appellate decision binds all subsequent proceedings in the same case not only as to explicit rulings, but also as to issues decided necessarily by implication on the prior appeal' " (quoting 18B Wright, Miller & Cooper, Federal Practice & Procedure § 4478, at 668-70 (2d ed. 2002)) (alteration omitted)). Given our conclusion, we deny as moot the State's motion to dismiss this appeal.

Affirmed.

BY THE COURT:

_____
Harold E. Eaton, Jr., Associate Justice


_____
William D. Cohen, Associate Justice


_____
Nancy J. Waples, Associate Justice

2